35 701
112 465

## MOORE & LYNES vs. GORE.

[BILL IN EQUITY BY JUDGMENT CREDITOR TO REDEEM LANDS SOLD UNDER EXECUTION.]

1. *Right of redemption by judgment creditor.*—In order to perfect a judgment creditor's equitable right of redemption, (Code, § 2120,) it is not necessary that he should actually give the debtor credit, on his judgment, for a sum equal to ten per cent. on the amount bid for the land : it is sufficient that he *offers* to give the credit to the debtor, and pays or tenders to the purchaser the amount prescribed by the statute.
2. *Jurisdiction of equity to decree redemption.*—A judgment creditor, having perfected his equitable right of redemption, (Code, § 2120,) may come into equity, to compel a conveyance by the purchaser, notwithstanding the statute gives him a summary remedy to recover the possession after he has acquired the legal title.

APPEAL from the Chancery Court of Pickens.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by the appellants, as judgment creditors of one James T. Burdine, to redeem certain lands which had been sold under sundry executions against said Burdine, and which had been purchased

at the sale by. Ellis Gore, A. L. Neal, and others, who were made defendants to the bill. The lands were sold by the sheriff on the 20th October, 1856; the complainants' judgment was rendered on the 23d October, 1856; and the bill was filed on the 18th September, 1858. The bill alleged, that on the 13th August, 1858, the complainants proposed to redeem the lands, and offered the defendants "an amount of money, in gold, more than sufficient to pay back to said purchasers their bid for said lands at said sheriff's sale, together with ten per'cent. thereon from the time of said sale, and all lawful costs and charges connected with a redemption of said lands, and to credit said Burdine, on complainants' said judgment against him, with a sum of money equal to at least ten per cent. of the amount originally bid by said purchasers for said lands"; and this offer was repeated in the bill. The chancellor sustained a demurrer to the bill for want of equity, because it did not allege that complainants had actually credited their judgment against Burdine with a sum equal to ten per cent. of the amount originally bid for the land by the purchasers; and because, if that fact had been averred, the complainants' remedy at law was adequate and complete. The chancellor's decree is now assigned as error.

T. REAVIS, for appellants.

S. F. HALE, *contra.*

A. J. WALKER, C. J.—Section 2120 of the Code says, that judgment creditors may redeem land sold under execution, "by paying, or tendering, the amount bid for such land at the sale thereof, and ten per cent. per annum thereon, together with all lawful charges; and by further *offering* to credit the debtor, upon a subsisting judgment, with a sum at least equal to ten per cent. of the amount originally bid for the land; and upon such payment or tender being made, and credit actually given to the debtor, the title to such land vests in the creditor, and the purchaser must convey to him such title as he, has, at the costs of the creditor." This section naturally divides itself

into two clauses; the former specifying the terms upon which a right of redemption is acquired; and the latter specifying the pre-requisites to the vesting of title in the party redeeming, and to the execution of a conveyance to him. The former clause requires an *offer* to credit the debtor, and the latter requires the actual giving of the credit. Under the former clause, the party seeking to redeem acquires a right to go into chancery, and compel a conveyance by the purchaser, who refuses to permit a redemption. The latter clause gives him a privilege of going farther, and vesting himself with the legal title, by actually giving the credit, and making the prescribed payment or tender.

The statute was not designed to require imperatively, as a condition precedent to the right of redemption, that the credit of ten per cent. should be actually given, when the purchaser refused to assent to the redemption. It permits the party desiring to redeem, to make the requisite tender, and offer to credit; and, if the purchaser refuse, to go into chancery, and coerce a conveyance from the purchaser, upon his making the payment and giving the credit.

If we were to sustain the argument, that no equitable right to a redemption vested by making the tender and offering to give the credit, we should do violence to the former clause of the statute, which declares, that the creditor may redeem, by making the necessary payment or tender, and *offering* to credit the debtor with the proper sum. By construing the former clause as giving a privilege to acquire a right to a redemption, through the agency of the chancery court, as against a refusing purchaser, and the latter clause as conferring the privilege of going still farther, and actually giving the credit, and thus acquiring a legal title, we give effect to all the words of the section. This construction also harmonizes that section with the following section.

[2.] Section 2123 provides, in general terms, that the creditor has "the right to recover the possession of the land, before a justice of the peace, for an unlawful detainer." This section was doubtless designed to afford

an expeditious remedy to a creditor, who has vested himself with the *legal* title, for the recovery of the possession. Neither it nor any other section contains any words tending to exclude the jurisdiction of the chancery court to enforce the equitable right, which we have decided may be acquired. The fact that the statute has given the privilege of going on and acquiring a legal title and a summary remedy to recover possession after the acquisition of such title, does not, in the absence of any prohibitory or restrictive words, exclude the jurisdiction of the chancery court.—Waldron v. Simmons, 28 Ala. 629; Owen v. Slatter, 26 Ala. 547; Brewer v. Br. Bk., 24 Ala. 439. We do not intend by anything which we have said to convey the idea, that there are no other circumstances under which one seeking to redeem might go into equity, and we leave that question open.

The chancellor erred in sustaining the demurrer for want of equity, and his decree must be reversed, and the cause remanded.