# Vick v. Beverly.

*Bill of Equity to Redeem Lands and for Partition.*

1. *Arbitration; tenancy in common; effect of purchase at execution sale in enforcement of judgment against one of the co-tenants.*—Where a controversy between a co-tenant and a third party, who claims to be the equitable owner of such co-tenant's undivided half interest in the land, is submitted to arbitration, and the award in favor of the claimant for a designated sum as payment in full of his interest, not being paid is entered of record and an execution issued thereon and levied upon the land, the purchaser at the execution sale becomes the owner of an undivided one-half interest in the land with the other tenant in common.

2. *Right of redemption of tenant in common from execution sale; bona fide purchaser.*—Where the undivided interest of a tenant in common in lands, is levied upon and sold under an execution issued upon a judgment rendered against him, and is purchased by the plaintiff in execution, who sells to the execution defendant's co-tenant, and it is shown that such co-tenant knew the source and current of the title which had been vested in the execution defendant, the latter is entitled to redeem under the statute, and his co-tenant can not claim that he was a *bona fide* purchaser without notice.

3. *Redemption; tender; evidence.*—Where on a bill to redeem, there is evidence for complainant that there was a tender in pursuance of the statute, and this is corrobated by a witness who testifies that defendant's agent told him a tender had been made, and the proof further shows that defendant repudicated complainant's right to redeem, and would not have accepted it if made, the evidence sufficiently shows a tender, although defendant denies it.

4. *Statutory right of redemption; adverse possession.*—A purchaser at an execution sale does not acquire a title adverse to defendant in ex-

[Vick v. Beverly.]

ecution, who offers to redeem on complying with the terms of the statute, so as to defeat the jurisdiction of a court of equity to determine the right of redemption.

5. *Same; equity jurisdiction; when partition enforced.*—Where a court of equity has acquired jurisdiction on a bill to redeem from an execution sale, as allowed by statute, it will determine the rights of the parties in the property, and enforce them by partition if necessary.

APPEAL from the Chancery Court of Clarke.

Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case, as amended, was filed by the appellee, Benton H. Beverly, against the appellant, Harriet E. Vick, on March 4, 1893; and sought to redeem an undivided one-half interest in a certain lot in the town of Thomasville, Clarke county, Alabama, from a sale under execution as the property of the complainant, and to have said lot sold for partition between the complainant and the respondent, Harriet E. Vick. The facts of the case are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered accordingly. The respondent appeals from this decree, and assigns the rendition thereof as error.

JOHN Y. KILPATRICK, WILLIAM J. JOHNSON and WILLIAM L. MARTIN, for appellant.—The appellant holds the lands adversely to the appellee, and so held them at the time the bill was filed; hence the chancery court is without jurisdiction to decree a sale of them for partition.—*McEvoy v. Leonard*, 89 Ala. 455; *Keaton v. Terry*, 93 Ala. 85; *Sellers v. Friedman*, 100 Ala. 499; *Kilgore v. Kilgore*, 103 Ala. 614.

On a bill by a debtor to redeem, a court of equity will not suffer itself to be made an instrument to try and determine disputed and controverted titles or claims. *Hanna v. Steele*, 84 Ala. 305; *Tecumseh Iron Co. v. Camp*, 93 Ala. 572.

Complainant failed to prove a sufficient tender before the filing of the bill, and alleges no excuse for his failure. Davis, the agent of the complainant, testifies to a tender to Mrs. Vick, which, he says, was in the presence of one Mrs. Lambert. Mrs. Vick swears that Davis came to her house, she met him in the hall, that Mrs. Lambert was not present, that Davis did not tender her

[Vick v. Beverly.]

any money, that he stated to her that Beverly sent him there with some money to get a deed that she got from Mr. Johnson. Under this state of the evidence, we respectfully submit that the complainant has not proved his alleged tender.—*Butler v. Hannah*, 103 Ala. 481.

The right to redeem, if it existed at all, was simply a right to repurchase whatever title Johnson acquired by his purchase. Under a bill for statutory redemption all that the court can do is to put the parties in the position they occupied at the time of the sale. It has been held that a title subsequently acquired can not be set up in bar of redemption.—*Aycock v. Adler*, 87 Ala. 190 ; *Posey v. Pressley*, 60 Ala. 243 ; *Hanna v. Steele*, 84 Ala. 305. The court ran counter to these well settled principles when it undertook to decree that complainant is the owner of a half interest, and to decree a sale of the whole for partition. The rendition for such decree necessarily involved the title as it stood at that time.

LACKLAND & WILSON, *contra.*—A subsequent deed correcting errors in description in a prior deed, relates back to the original deed, as between the parties, and intervening parties with notice of the errors.—*Chapman v. Fields*, 70 Ala. 403 ; *L. & N. R. R. Co. v. Boykin*, 76 Ala. 560. Neither the purchaser, nor sub-purchaser, can attack the validity of the debtor's original title in a bill to redeem. *Aycock v. Adler*, 87 Ala. 190. Title acquired by a grantor, after conveyance, by deed of general warranty, inures to the benefit of the grantee.—*Prewitt v. Ashford*, 90 Ala. 294 ; *Bone v. Landen*, 85 Ala. 562.

It is not necessary that redemption money be paid into court where the bill shows that tender thereof was made, and money refused, before the filing of the bill. *Carlin v. Jones*, 55 Ala. 624 ; *Beatty v. Brown*, 101 Ala. 695. It is not necessary that redemption money should be paid into court, when the complainant relies on a valid excuse for not making the tender before filing the bill.

The court having assumed jurisdiction in the matter of redemption, it can order the sale of the lands, even though the same may be held adversely under a claim of title, founded upon disputed facts.—*Kilgore v. Kilgore,* 103 Ala. 614.

[Vick v. Beverly.]

HARALSON, J.—1. It is made very plainly to appear in evidence, that Thomas Vick, the husband of Harriet E. Vick, the appellant, was the agent of his wife, so far as she was related to it, in this whole transaction, and was cognizant of all facts connected with the case, and acted for her and in her behalf in acquiring whatever rights or interests she claims in the property in question, or growing out of it. Having acquired a title to lots 8 and 9 from his vendor, Beverly, the appellee, on the 18th of September, 1888, conveyed a half interest in lots 9 and 10 to Mrs. Graham. The deed under which Beverly held the lots is alleged by appellant to have been fraudulently procured to be taken in his own name, when it should have been taken in his own name and in the name of Thomas Vick. A mistake was made by Beverly in conveying to Mrs. Graham lot 10, instead of lot 8. This mistake was corrected by a subsequent conveyance executed for the purpose by him to Mrs. Graham, of date October 18, 1889, and duly recorded December 23, 1889. By these transactions, on face of the titles, Mrs. Graham and Beverly were owners, each of an undivided half interest in said lots, with Thomas Vick claiming that he was the equitable owner of an undivided half interest in them, of the legal title to which he had been deprived by said Beverly. He also claimed compensation for the improvements that had been put upon said lots by his labor, and materials furnished by him. This whole controversy between Beverly and Thomas Vick was submitted to arbitration, and on the 24th of April, 1889, the arbitrators awarded said Vick a judgment for $438.53 against Beverly, which was to be in full for his interest in the land, and all labor, materials and improvements made by him thereon. This award not having been paid by Beverly, was returned into the circuit court of the county of Clarke, on the 15th June, 1889, and entered of record, on which an execution was issued by the clerk, on the 13th November, 1889, after the deed from Beverly to Mrs. Graham had been corrected, and was levied on said lots; and on December 23d, 1889, Mrs. Harriet Vick, the appellant, became the purchaser for the sum of $500, and received a deed from the sheriff, conveying to her all the right, title and interest of complainant in said lots. On the date of this purchase—December 23d, 1889—the deed of October

[Vick v. Beverly.]

18th, 1889, correcting the mistake in said former conveyance by Beverly to Mrs. Graham as to lot 8, was filed for record in the probate court. Mrs. Vick's contention is, that the deed to Mrs. Graham was not founded on a present consideration, was not recorded until Vick obtained his award; that he was a judgment creditor without notice, and that said deed was in fact made as a mortgage to secure the payment of a debt, which was afterwards paid. The chancellor very correctly held, that under the facts of the case, Mrs. Vick became the owner under her deed from the sheriff of an undivided half interest only in said lots, with Mrs. Graham as the owner of the other undivided half interest, as will more fully appear.

On the 7th October, 1889, Mrs. Graham and her husband sold and conveyed her interest in said lots 8 and 9 to W. W. Cammack, for the recited consideration of $375, which the evidence tends to show was real and for cash, and that on the 20th May, 1890, Cammack and wife conveyed their half interest to Beverly, the complainant. There was proof introduced, tending to show that Cammack made the purchase from Mrs. Graham for Beverly, but this Beverly deposed was not true, and the other proof is not sufficient to establish it as a fact over his denial.

On December 9, 1889, Wm. Johnson recovered a judgment against Beverly in a justice's court for $41.96 and costs. On June 9th, 1890, an execution was issued on this judgment and levied on the lots in question, which levy was returned to the circuit court; and on the 15th April, 1891, an order of sale of said lots was made in said court, under which order, on June 15th, 1891, the lots were sold as the property of Beverly, and the plaintiff in execution, Johnson, became the purchaser for the sum of $13.30, and on the same day the lands were conveyed to him. The proof shows, that Thos. Vick and his wife were then, and continued thereafter to remain, in possession of the property, and on November 21, 1891, Johnson and wife conveyed his interest in the lots to Mrs. Vick for $65. There was no occasion to demand possession of complainant and for him to have yielded it to Johnson, in order to assert his right of redemption—for he was not in possession; but Mrs. Vick was. The defendants, Mr. and Mrs. Vick, say in their

answer, that they were in possession of the lots, when they were sold under the Johnson execution, and that the latter bought Johnson's judgment, not because she knew or believed he acquired any interest in said lots by his purchase at said sale under *venditioni exponas*, but to relieve herself from annoyance or any cloud on title; and she denies that Johnson acquired anything by his said purchase. She denies also, that complainant, Beverly, has any interest in the property sought to be sold for partition, and admits that the lots cannot be partitioned in kind between the joint owners. She does not set up or claim in her answer, that she held or claimed the Johnson judgment of $65 as a lawful charge on the lots, necessary to be paid by the complainant in his offer to redeem the property.

It is proper to add just here, that Beverly swore, that in the earlier part of 1889, he notified Thos. E. Vick that he had sold a half interest in the lots to Mrs. Graham, who afterwards conveyed to Cammack; and said Vick, in his testimony, shows that in 1890, and up to February 1st, 1891, he was in possession of a half interest in said property as agent for his wife, and claimed no greater interest than that for her; that Beverly at that time, was in possession of the other half interest, by his tenant, Jones, and not till Jones left, about the 1st of February, 1891, did he, Vick, take and hold exclusive possession of the entire property. He also states, that in 1890, as agent for his wife, he rented a half interest in the property to one Tabb, and he thought at the time, that Cammack owned the other half interest, and recognized his ownership of it, though, as he states, he found out afterwards that Cammack did not own such interest. This evidence is satisfactory to show, that at neither of his wife's purchases—the one on the 23d December, 1889, under the judgment of award against Beverly in favor of her husband, and the other under the Johnson judgment, June 15th, 1889—was Mrs. Vick and her husband ignorant and had no notice of the Graham and Cammack purchases, but it tends to show, without conflict, that they knew the source and current of the title, and that Mrs. Vick claimed only a half interest in the property, up to February 1st, 1891. And, as for the acquisition of any title, or right of possession since then, other than under the Johnson pur-

chase, she has submitted no evidence. The interest she purchased under that judgment is subject, certainly, to redemption; and she was not a *bona fide* purchaser without notice of the rights of Cammack, and of complainant under him.

2. The bill alleges that on the 29th February, 1892, complainant through his agent, Thos. W. Davis, tendered to Mrs. Vick the sum of $13.30, the amount of the purchase money paid by said Johnson at the sheriff's sale for said property, with 10 per cent. *per annum* thereon, from the date of said purchase to the date of the tender, together with all lawful charges thereon; that he tendered her $60, which was more than sufficient to cover all claims, including taxes, and demanded that he be allowed to redeem from her as the purchaser of complainant's interest in said real estate, under the Johnson judgment, which tender she refused and still refuses to accept and refuses to allow complainant to redeem, and he offers in his bill the same tender he made to her. The evidence of Davis, examined by complainant, who was procured by him to make the tender, is full in proof of the tender as alleged, and the refusal of defendant to accept it. The defendant denies that any tender was made to her at all by Davis. She admits, however, that Davis stated the day he came to her house, that Beverly sent him there with some money to get a deed that she got from Mr. Johnson. Tabb swears, that he saw Davis go to Vick's house, about the time the tender is said to have been made, and that Mr. Vick told him that a tender had been made to him for the redemption of the property, but that the amount was not enough, and that he wanted $600 before he would give up the property. It appeared that he claimed that Beverly owed him about this sum. He, with his wife, was in possession, and as has been stated, he was managing and controlling the property for her. As has been shown also, he and his wife both denied that Johnson acquired any title by his purchase to be redeemed, and repudiated any interest of complainant in the property which would entitle him to redeem.

3. Under this state of proof, the chancellor decided that the evidence was satisfactory to establish the tender, and it does not appear to us that the ruling, under all the evidence, was erroneous. The evidence is also

[Milligan v. Pollard.]

satisfactory to show, that the defendant would not have accepted the tender, if made. The chancellor decreed that complainant was entitled to redeem, that he and Mrs. Vick each owned a half undivided interest, and that the property, which was not susceptible of division in kind, be sold for division between them, and that an account for the reasonable rents of the property from the date of the tender be taken, stated and reported by the register. In this, it seems there was no error. The complainant having complied with the terms of the statute, has shown a right of redemption which a court of equity may enforce.—*Moore v. Gore*, 35 Ala. 701; *Stocks v. Young*, 67 Ala. 343. It is contended, that the jurisdiction of the court cannot be exercised in this case, since a question of adverse title resting upon disputed facts is involved. But we hold, that a purchaser, as here, at execution sale does not acquire a title adverse to defendant in execution, who offers to redeem on a compliance with the statute giving the right, so as to defeat the jurisdiction of an equity court to determine the question of his right of redemption under the statute. The only obstruction to the right of redemption interposed by the defendant grows out of the alleged want of a proper tender by complainant and other defenses purely equitable, which were competent, as we have said, to be adjudicated and settled by the chancery court—which having acquired jurisdiction for redemption will proceed to a decree of partition.—*Kilgore v. Kilgore*, 103 Ala. 614. We find no error in the decree of the court below, and it is affirmed.