# Johnson *v.* Davis, et al.

*Bill by Trustee in Bankruptcy to Redeem Land Sold at Mortgage Foreclosure.*

(Decided December 19, 1912. 60 South. 799.)

1. *Mortgages; Foreclosure; Redemption; Persons Entitled.*—Under section 5746, Code 1907 and the Bankruptcy Act, a trustee in bankruptcy is an assignee of the statutory right of redemption and may enforce it under the terms of the statute.

2. *Same; Redemption; Conditions Precedent; Tender.*—While in order to redeem under the statute the complainant must make a tender or show a sufficient reason for a failure to do so, yet under the provisions of section 5748, Code 1907, a complainant may maintain a bill to redeem land sold on mortgage foreclosure without a tender, where the statement furnished him does not give him credit for the personal property embraced in the mortgage.

3. *Same; Damages for Waste and Rent.*—One in possession of land as a purchaser at a foreclosure sale made in strict compliance with the terms of the mortgage is not a mortgagee in possession but the absolute owner not chargeable with rent or for waste; but a mortgagee in possession before foreclosure, or after an irregular foreclosure, may be liable for rent and waste, and the purchase by the mortgagee, unless authorized by the mortgage is such an irregularity as to render him liable for rent and waste; hence after an offer to redeem accompanied by a tender, the purchaser in possession may be liable for waste committed.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by P. J. Johnson, as trustee in bankruptcy, against J. D. Davis, and others, to redeem lands of the bankrupt from a mortgage foreclosure. From a decree sustaining demurrers to the bill complainant appeals. Affirmed in part and in part reversed and remanded.

PACE & CHAPMAN, for appellant. The trustee in bankruptcy has a right under section 5746, Code 1907, and the provisions of the bankrupt law, to redeem land belonging to the bankrupt estate.—*Robinson v. Denny,* 57 Ala. 492; 1 Dan'ls. Chan. Practice, 58-62; *U. S. v. Fox,* 95 U. S. 538; *Andrews v. Mather,* 134 Ala. 358. Under the bill a sufficient excuse was given for a failure to make a tender.—*Freeman v. Jordan,* 17 Ala. 500.

W. O. MULKEY, for appellee. A trustee in bankruptcy is not an assignee within the terms of section 5746, Code 1907, within the purview of the bankruptcy law. Counsel discuss the question of tender and insist that the provisions of section 5748, Code 1907, do not relieve the complainant from the necessity of making a tender and demand, but he cites no authority in support thereof.

ANDERSON, J.—This bill is filed to enforce the statutory right of redemption in lands sold under a

mortgage given by the bankrupt and of whose estate the complainant is the trustee under the bankruptcy act of 1898 (Acts July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).

Prior to Code 1907, § 5746, an assignee of the "statutory right" of redemption could not redeem. Indeed, it has been repeatedly held that the statutory right of redemption, as distinguished from the equity of redemption, was a mere privilege or right personal to the debtor, that it was neither property nor the right of property, and that it was not subject to levy or sale under execution.—*Burke v. Brewer*, 133 Ala. 392, 32 South. 602; *Powers v. Andrews*, 84 Ala. 291, 4 South. 263. The present statute, however, (Code 1907, § 5746), authorizes the exercise of the right of redemption by the assignee of the statutory right, so the question of importance is whether or not the trustee of the bankrupt mortgagor is an assignee of the statutory right to redeem within the contemplation of the statute. When the mortgagor was adjudged a bankrupt, the statute authorized redemption by the assignee of the statutory right, and Bankr. Act, § 70, vested the trustee with the title to all property of the bankrupt as well as certain powers and rights including "powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person," etc. It is plain that the mortgagor could have exercised this right for his own benefit prior to his bankruptcy, and it is equally plain that the trustee became vested with this right, under the bankruptcy law, upon the adjudication of bankruptcy. This holding is supported by analogy in the case of *Robinson v. Denny*, 57 Ala. 492. "A state court passing upon claims of an assignee is not a proceeding under the Bankruptcy Act, but simply recognizes that act as the source of the assignee's

title, in like manner as it would if such title were derived from a contract or deed."—*Andrews v. Mather,* 134 Ala. 368, 32 South. 738. We hold that this complainant is an assignee of the statutory right of redemption, and has the right to enforce same under the terms of the statute.

There can be no doubt of the soundness of the proposition that, in order to redeem under the statute, the complainant must make a tender or show a sufficient excuse for a failure to do so. The only excuse that this complainant attempts is to charge that the written statement of the debt and lawful charges furnished him by the respondents was not correct, and that he was, therefore, relieved by section 5748 of the Code of 1907 from making a tender with his bill of complaint. That is to say, he does not dispute the correctness of the statement as to the amount of the debt owing, but contends that the statement exceeds the sum necessary to redeem, for the reason that respondents included $1,000 worth of personal property in the mortgage and sale thereunder, which should be credited to complainant in case of a redemption of the land. In other words, the respondents got $1,000 worth of personal property which they will not account for if the complainant has to pay the full amount claimed in the statement in order to redeem the land. The statute (section 5748) not only requires a statement of the debt, but of all lawful charges, meaning all lawful charges to which he would be entitled in case of redemption. If, therefore, the averment of the bill is true, that the statement does not give a credit for the personal property embraced in the mortgage, the complainant can maintain his bill without a tender.

The bill also claims a credit for waste by the mortgagee purchaser after the sale under the power, but does

not aver that the waste was committed after a tender or offer to redeem. It is well settled that one in possession of land, as purchaser at a mortgage sale, duly and legally made in compliance with the terms of the mortgage, is not chargeable with rent or for waste. "He is not a mortgagee in possession, but a purchaser, the absolute owner, entitled to rents and profits, and unimpeachable for waste.—*Cramer v. Watson,* 73 Ala. 127. He may, of course, become liable after an offer to redeem, accompanied by a tender, for waste committed thereafter, but, as above stated, the bill does not charge waste after a tender was made, and does not impeach the regularity of the mortgage sale. It is true the mortgagee became the purchaser, which would be an irregularity if he was not authorized to do so by the mortgage, but these mortgagees were so authorized by the present mortgage. It is true that we have a line of decisions holding a mortgagee in possession, before foreclosure, or after an attempted foreclosure which was irregular, liable for rent and waste.—*Perdue v. Brooks,* 85 Ala. 459, 5 South. 126; *American Mortgage Co. v. Pollard,* 132 Ala. 155, 32 South. 630; *Id.,* 127 Ala. 227, 29 South. 598; *Id.,* 120 Ala. 1, 24 South. 736; *Id.,* 103 Ala. 289, 16 South. 801. These cases, however, do not apply to mortgagees who purchase at a regular and valid sale, as they are to be treated as purchasers in possession and not mortgagees in possession.

The bill was not subject to the grounds of demurrer questioning the right of the complainant to maintain the bill as an assignee of the statutory right of redemption, or taking the point that a tender was necessary, and these are the only grounds going to the whole bill. So much thereof as attempted to set off the value of the timber against the mortgage debt was subject to a specific demurrer, but not to one addressed to the whole

bill. There was, however, a special demurrer addressed to this feature of the bill and which was properly sustained.

The decree of the chancery court is affirmed in part, and is reversed as to sustaining the demurrers going to the whole bill, and a decree is here rendered overruling same, and the cause is remanded.

Affirmed in part, reversed in part, rendered, and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.