## Lee *v.* Jefferson County Building & Loan Association.

### *Bill to Redeem.*

(Decided February 4, 1915.   67 South. 999.)

*Mortgages; Foreclosure; Redemption; Right to Question.*—One
without interest in the property cannot by demurrer question the
sufficiency of a bill to redeem as one for the enforcement of the
statutory right of redemption, against another who purchased at the
foreclosure sale, notwithstanding the bill may be defective as such
a bill.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Florence Lee against the Jefferson County
Building & Loan Association and another, to enforce
the statutory right of redemption. From a decree sus-
taining the demurrer of one Ella Dial, filed to the bill,
complainant appeals. Reversed and remanded.

ERLE PETTUS, for appellant.

GEORGE E. BUSH, for appellee.

GARDNER, J.—One C. W. Lee (now deceased) ex-
ecuted two mortgages to the respondent Jefferson Coun-
ty Building & Loan Association on certain real estate
described in the bill of complaint, the first mortgage
being executed in March, 1907, and the second in May,
1907, each to secure a loan of $500. These two mort-

gages were foreclosed on April 13, 1912; the said company becoming the purchaser at the foreclosure sale.

The complainant, Florence Lee, who was the widow. of the said C. W. Lee, files this bill, the prime purpose of which appears to be the enforcement of the statutory right of redemption. The bill makes a party respondent, also one Ella Dial, who filed a demurrer to the bill assigning separate grounds going to the insufficiency of the bill as one to exercise the statutory right of redemption. Respondent Jefferson County Building & Loan Association does not appear to have offered any demurrer to the bill, nor to have answered the same.

From the decree of the chancellor sustaining the demurrer of the respondent Ella Dial, complainant prosecutes this appael. The bill alleges that the respondent Ella Dial, in March, 1912 (which was prior to the foreclosure), paid to the respondent loan association the sum of $514.80, which she derived from the estate of C. W. Lee, deceased, whether rightfully or wrongfully from said estate the bill does not sufficiently disclose. It is alleged that said Ella Dial entered into a contract with the said loan association in regard to such sum, which contract is made an exhibit to the bill. Referring to the contract, we would judge that said respondent Ella Dial had set up some independent claim of title or right to the possession of the property described in the mortgages, but that it had been adjudged in a trial had for that purpose that she had no title thereto nor right to possession thereof, and that the contract entered into was merely for the purpose of protecting the said Ella Dial in the sum paid by her to said association, in the event she did not succeed in her efforts to acquire the property.

The bill, in short, shows that the respondent Jefferson County Building & Loan Association was the pur-

chaser of this property at the foreclosure sale, and there is nothing in the bill to show that said association has either parted with the title thereto or contracted to do so. There is no contract of sale whatever shown in the bill. The statutory right of redemption is to be exercised against the purchaser at the sale, or his vendee. It cannot be contended that the respondent Ella Dial is in any sense the vendee of said purchaser so far as this bill discloses, and, indeed, it does not appear from this bill that she has any title, either legal or equitable, to this property. Therefore the bill shows that the statutory right of redemption could be execised only against the said respondent association. Said association has not seen fit to offer any demurrer to the bill. The respondent Ella Dial, being without interest in the property, is in no position to raise the question of the insufficiency of the bill as one for the enforcement of the statutory right of redemption against the said association. This can be done by the association alone, and for this conclusion we deem citation of authority unnecessary.

The bill may be defective as one seeking the enforcement of the statutory right of redemption, and, indeed, as we read the brief of counsel for appellant, this seems to be practically conceded, but, if so, it is a matter which cannot be presented upon the demurrer of the respondent Ella Dial.

The bill also seems to seek an accounting against the said Ella Dial, and it may be conceded that the bill is wholly insufficient as one for that purpose; yet the demurrer does not seem to take the point, nor is the question presented that said respondent is not a necessary or proper party to the cause.

The demurrer of the respondent Ella Dial goes to the whole bill. Its sufficiency as one for the exercise of

the statutory right of redemption can only be questioned by the respondent association, and it therefore follows that the learned chancellor fell into error in sustaining the demurrer of respondent Ella Dial to the bill.

The question as to whether or not by the bill sufficient excuse is shown for failure to make tender (section 5748, Code of 1907; *Johnson v. Davis,* 180 Ala. 143, 60 South. 799; *Dozier v. Farrior,* 187 Ala. 181, 65 South. 365), and other questions as to its sufficiency as a bill for the exercise of statutory right of redemption, are therefore not presented to us, nor, indeed, are these questions discussed at any length by counsel for appellant in his brief, and, in fact, the averments of the bill seem to leave too much to conjecture as to what are the facts, and we are therefore in no position to enter into a discussion of any of these matters upon this appeal. The decree of the chancery court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.