# CASES

## IN THE

# SUPREME COURT OF ALABAMA

### OCTOBER TERM 1916-17

## Wittmeier, *et al. v.* Cranford.

### Bill to Redeem Land from Mortgage Sale

(Decided January 11, 1917.   Rehearing denied February 1, 1917.
73 South. 981.)

1. **Mortgages; Redemption; Foreclosure.**—A bill to redeem land from mortgage foreclosure sale which does not allege any fact to show that the sale was improperly or irregularly made does not show that the mortgagor had any equity of redemption and therefore a deed from the mortgagor would assign only his statutory right of redemption.

2. **Same.**—A bill seeking to redeem land from mortgage foreclosure sale failing to show a tender of the purchase price, or an excuse for not tendering it, as provided by section 5748, Code 1907, was defective.

3. **Same.**—The fact that the bill attempted to set up a good excuse for not tendering the money to the purchaser did not relieve complainant from averring a present tender by payment of money in court.

4. **Bankruptcy; Mortgage Foreclosure; Redemption.**—Although the trustee in bankruptcy is an assignee in contemplation of the redemption statutes, yet the right to redeem land from a mortgage sale does not extend under the statute to a grantee or assignee of the trustee in bankruptcy.

APPEAL from Blount Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Asa Cranford, individually, and as trustee, against J. S. Wittmeier and the Oneonta Trust & Banking Company to redeem lands from a mortgage sale.   From a decree overruling demurrers, respondents appeal.   Reversed, rendered, and remanded.

The substance of the bill is as follows:   That the Blackwood Mercantile Company at Cleveland, Ala., had, prior to its bankruptcy, been engaged in the general mercantile business at Cleveland, and was the owner of real estate, and held certain mortgages on other real estate in that town, one among which was a

certain mortgage on real estate to secure a loan of $2,000, taken from J. F. Walker and wife, and another from C. L. Grigsby and wife, to secure the amount of $2,500, the consideration in both instances being the purchase price of the land sold. That these mortgages were turned over, among other collateral security, to the First National Bank of Birmingham, to secure a loan that the said mercantile company secured from said bank, and that after the mercantile company was declared bankrupt, the Oneonta Bank & Trust Company paid off or took up in some way all papers held by the First National Bank against the mercantile company, and received from the bank the two mortgages here mentioned as their property, until the Oneonta Trust & Banking Company were reimbursed for the amount of money it had paid the First National Bank. It is alleged that the mercantile company also owed the Oneonta Trust & Banking Company prior to its bankruptcy, and that the bank had papers and mortgages as collateral, but complainant does not know whether these two mortgages were part of such collateral or not, but it is charged that these two mortgages were transferred by the mercantile company before bankruptcy, and that after bankruptcy the Oneonta Trust & Banking Company acquired them. At the time of the transfer of the mortgages and other papers, there was an agreement between the trustee and the bankrupt under an order of the bankrupt court, or some understanding between the Oneonta Trust & Banking Company and the bankrupt estate of the mercantile company that, in consideration of the Oneonta Trust & Banking Company paying the amount owing the First National Bank, the Oneonta bank was to have all the collaterals held by the Birmingham bank, and was to hold these collaterals and others it had until the debt to the Oneonta bank was paid, and also the amount it had paid the Birmingham bank, and that after these debts had been paid, all the collaterals remaining unpaid were to be surrendered to the trustee of the bankrupt mercantile company. The bill further alleges the sale under the mortgage given by Walker after due publication, and a purchase by the Oneonta Trust & Banking Company, and also a sale of the lands under the Grigsby mortgage, and a purchase by the Oneonta Trust & Banking Company. The bill also alleges that complainant bought from the trustee in bankruptcy of the Blackwood Mercantile Company all the real estate belonging to said mercantile company, and at the same time bought the right of

redemption which said estate had in and to the Walker and Grigsby land. The bill also alleges quit-claim deeds from Grigsby and wife and Walker and wife to complainant of all their rights, title, and interest in and to the lands mortgaged. The bill also shows the sale of the Walker and Grigsby land to J. S. Wittmeier, and that he has not paid for the land, and that the Oneonta Trust & Banking Company now holds a mortgage from Wittmeier on the land. The bill alleges also that complainant is the owner of the equity of redemption in these lands, or of the statutory right to redeem, and has offered and attempted to redeem the lands from Wittmeier, but has been denied the right to do so. It is further alleged that Wittmeier told complainant that he would not let him redeem the land unless he would take up the note that Wittmeier owed defendant bank for $5,000 and redeem all the land. That complainant then went to the bank and arranged with the bank to discharge defendant Wittmeier, and that the bank agreed to give up the note of the said Wittmeier and permit complainant to deliver to Wittmeier as a part of the redemption of the land, and this agreement was conveyed to Wittmeier when Wittmeier declined to permit complainant to redeem at all, and declined to go on with the agreement to permit the redemption by complainant. Wherefore complainant here offers to redeem and to do equity, and to pay all lawful charges against the land.

T. A. MURPHREE and HENRY UPSON SIMS for appellants. RUSSELL & JOHNSON and G. W. DARDEN for appellee.

ANDERSON, C. J.— (1-3) It may be conceded that the quit-claim deeds from Walker and Grigsby, the mortgagors, were sufficient to assign any rights of redemption they had to Cranford, the complainant, equity or statutory, as the conveyances are broader than the one considered in the case of *Lewis v. McBride,* 176 Ala. 134, 57 South. 705. The bill, however, does not show that Walker or Grigsby had any equity of redemption to assign, as there is nothing to indicate that the sale was improperly or irregularly made so as to create an equity of redemption. The mortgage expressly authorized the grantee therein to purchase at the sale. Therefore, if the complainant got anything under the deeds from Walker and Grigsby it was the assignment of the statutory right of redemption, and as a bill to redeem under the statute it was defective as it did not show a tender of

the purchase money or an excuse for not doing so as provided by section 5748 of the Code of 1907.—*Lewis v. McBride, supra; Francis v. White,* 142 Ala. 590, 39 South. 174. True. the bill attempts to set up a good excuse for not tendering the money to the purchaser, but this did not relieve the complainant from averring a present tender by payment into court.—*Beatty v. Brown,* 101 Ala. 695, 14 South. 368. The bill was subject to the respondent's demurrer, and the decree of the chancery court is reversed, and one is here rendered sustaining same.

(4) The complainant derived no right to redeem under the assignment from the trustee in bankruptcy, and must rely upon the assignments from Walker and Grigsby. While this court held in the case of *Johnson v. Davis,* 180 Ala. 143, 60 South. 799, that the trustee in bankruptcy was an assignee as contemplated by the redemption statute, we also held in the case of *Leith v. Galloway Coal Co.,* 189 Ala. 204, 66 South. 149, that the right did not extend to the grantee or assignee of the trustee in bankruptcy. While this cause seems to have been submitted upon demurrers to the original bill and the cross-bill, the decree of the chancery court appears to have determined only the demurrers to the original bill. Moreover, the records shows that the respondent Oneonta Banking Company dismissed its cross-bill before the appeal was taken.

Reversed, rendered, and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.