(81 South. 660)

## WOOTTEN et al. v. VAUGHN.
### (7 Div. 983.)

(Supreme Court of Alabama.    April 17, 1919.)

1. DOWER ☞29—NATURE OF RIGHT.

The wife's right of dower is not a property right; even after the death of the husband it is only a right of action.

2. DOWER ☞24—MORTGAGES ☞615—FORECLOSURE — REDEMPTION — WIFE OF PURCHASER AS PARTY.

The right of redemption from a mortgage foreclosure was prior and paramount to any right of which the wife of the purchaser was dowable, and she was not a proper or necessary party respondent.

3. MORTGAGES ☞615—FORECLOSURE — SUIT TO REDEEM—MAKING INCUMBRANCER A PARTY—CHANCERY RULE.

Under chancery rules 106, 107 (Code 1907, p. 1562), providing that in mortgage suits it shall be sufficient to bring in subsequent incumbrancers to state that they claim some interest in the subject of the bill and to pray for summons to them to answer at any stage of the proceedings that such interest shall be discovered, a junior mortgagee held properly made a party to bill to redeem from sale on foreclosure.

4. MORTGAGES ☞624(1)—FORECLOSURE — REDEMPTION BY JUNIOR MORTGAGEE.

When a junior mortgagee redeems land sold by a valid foreclosure of a senior mortgage, he acquires an indefeasible legal title.

5. MORTGAGES ☞372(4) — RIGHTS OF PURCHASER AT SALE.

A junior mortgagee purchasing at a sale under a power contained in a prior mortgage is entitled to the rents and profits while in possession, without having them applied to the payment of his debt.

6. MORTGAGES ☞601, 602—FORECLOSURE — PURCHASE BY JUNIOR MORTGAGEE—LIABILITY FOR WASTE OR RENTS.

Only after an offer to redeem from mortgage foreclosure, accompanied by a tender of the amount required under the statute to effectuate such redemption, and refusal on the part of the person of and to whom redemption is properly sought and tendered, does a purchaser in possession, a junior mortgagee, become liable for waste thereafter committed by him or for accruing rents· thereafter collected by him from the lands as owner by purchase.

7. MORTGAGES ☞616 — FORECLOSURE — REDEMPTION—AVERMENT OF TENDER—STATUTE.

Under Code 1907, § 5746, bill to redeem land from a mortgage foreclosure at which a

⸻

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 16 Ala. App. 654.

junior mortgagee purchased must properly aver the tender of the amount required to effectuate the redemption.

**8. MORTGAGES ☞605, 616—FORECLOSURE — REDEMPTION—LACK OF TENDER—AVERMENT OF EXCUSE.**

A sufficient reason must be averred, in a bill to redeem from a mortgage foreclosure whereat a junior mortgagee purchased, in order to excuse the redemptioner's failure to make tender of the amount necessary for redemption, and the offer must be made good by a deposit of the amount due with the register of the court when the bill is filed.

**9. MORTGAGES ☞372(4) — FORECLOSURE — RIGHT OF MORTGAGEE — APPLICATION OF RENTS.**

Where the seller of land agreed to prevent the foreclosure of a mortgage thereon, which he failed to do, he will not be permitted to breach his contract and become a purchaser at the foreclosure, and to fail to apply rents accruing on the land to his own mortgage on the land given him by the buyer, or to the collateral mortgage on crops.

**10. VENDOR AND PURCHASER ☞196—RENT AS INCIDENT TO REVERSION—SEVERANCE.**

Rent is an incident of the reversion, and if land is conveyed before the rent falls due without a reservation, the party who owns it at the time is entitled to it, but rent may be reserved from the reversion by the owner if he assigns the rent note before sale of the land, either by his own conveyances or under legal proceeding, whereby the rent is severed and the purchaser does not acquire it.

**11. APPEAL AND ERROR ☞984(2)—COSTS ☞13—REVIEW—DISCRETION—COSTS IN EQUITY—VARIANCE ON APPEAL.**

The question of costs in equity rests largely in the discretion of the chancellor, but its taxation may be varied on appeal as the justice of the case may require.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Suit by W. W. Vaughn against S. E. Wootten and others. From interlocutory decree overruling defendants' demurrer, they appeal. Reversed and remanded.

Isbell & Scott, of Ft. Payne, for appellants. A. E. Hawkins and J. A. Johnson, both of Ft. Payne, for appellee.

THOMAS, J. The appeal is taken from an interlocutory decree overruling the demurrer of defendants averring, among other grounds, that the bill does not allege that complainant offered to redeem before bringing the suit, that Belle Wootten, wife of S. E. Wootten, was not a necessary or proper party thereto, and misjoinder of parties in the different relief sought against defendants Callahan and the Woottens, and also from a final decree permitting the redemption and ascertainment of the amount due and allowing to complainant credit for certain sums received as rents of the land by respondent S. E. Wootten, and taxing costs against defendant Wootten. Appellants S. E. Wootten and Belle Wootten severally assign error and insist upon the same in argument of counsel.

[1-3] The wife's right of dower is not a property right, even after the death of the husband; it is only a right of action. Chavers v. Mayo, 79 South. 594, 596;[1] Yarbrough v. Yarbrough, 75 South. 932;[2] McGough v. Sweetser, 97 Ala. 361, 364, 12 South. 162, 19 L. R. A. 470. In First National Bank v. Elliott, 125 Ala. 646, 659, 27 South. 7, 47 L. R. A. 742, 82 Am. St. Rep. 268, the court held that the joinder of Mr. Elliott with his wife in a bill for redemption by a judgment creditor was to be justified by the averment that the purchaser at foreclosure sale, Mrs. Elliott, had thereafter joined with her husband in a contract of sale of the lands to a third person. The prayer of the bill in the Elliott Case was to require husband and wife to execute a conveyance on effectuation of redemption. No such averment is contained in the bill in the instant case. The right of redemption was prior and paramount to any right of which the wife of the purchaser was dowable, and she was not a necessary or proper party respondent. The case of McGough v. Sweetser, supra, is not opposed to this view. There the husband and wife had joined in a mortgage on the husband's lands that was foreclosed in chancery, and on the death of the husband within the statutory time for redemption the wife filed her bill to redeem, offering only to pay the amount bid at foreclosure and interest, and not the full amount due on the mortgage debt. Held that, when a wife joins her husband in the execution of a mortgage on lands owned by him which is afterwards foreclosed by proceedings in chancery to which she was not a party, she will not be allowed to redeem such lands without paying the entire mortgage debt, although the purchaser at such foreclosure sale paid greatly less than the amount of the mortgage; that is to say, the wife was permitted to redeem "under the unforeclosed dower rights" upon paying the full amount due on the mortgage debt, and not for a less sum. Johns v. Anchors, 153 Ala. 498, 45 South. 218. Respondent Callahan (the mortgagee) was properly made a party to the bill. Chancery rules 106, 107 (Code 1907, p. 1562), provide that "in mortgage suits, it shall be sufficient to bring in subsequent incumbrancers to state that they claim some interest in the subject of the bill, and pray for a summons to them to answer" at any stage of the proceedings that such interest shall be discovered.

On final hearing it will be necessary to know the nature of the title acquired by and character of the possession of a junior mortgagee purchasing at foreclosure sale of a

senior mortgage. As such purchaser taking possession of the lands after foreclosure, is such possession and the subsequent receipt of income and profits from said lands to be referred to that of the owner of the title or as a mortgagee taking possession of the mortgaged property without foreclosure? The nature and difference between the right of redemption of real estate under the statute, where the equity of redemption has been foreclosed (Code 1907, § 5746 et seq.), and the right and exercise of the equity of redemption by a mortgagor, where the same has not been foreclosed, has been the subject of frequent discussion by the courts. The distinction between the nature and exercise of such rights or interest and the respective liabilities of the parties as distinguished by the courts must be kept in mind to a right decree for redemption under the statute in the instant case. Johnson v. Smith, 190 Ala. 521, 524, 525, 67 South. 401; Dinkins v. Latham, ante, p. 101, 79 South. 493, 495; Baker, Lyons & Co. v. Eliasberg, etc., 201 Ala. 591, 79 South. 13; Drum & Ezekiel v. Bryan, 193 Ala. 395, 69 South. 483; Leith v. Galloway Coal Co., 189 Ala. 204, 66 South. 149.

[4, 5] It is held in this jurisdiction that, when a junior mortgagee redeems land sold by a valid foreclosure of a senior mortgage, he acquires an indefeasible legal title thereto. Francis v. Sheats, 153 Ala. 468, 45 South. 241, 127 Am. St. Rep. 61, 64, 65; 1 Jones on Mortg. § 711. In Cramer & Cohen v. Watson, 73 Ala. 127, Mr. Chief Justice Brickell writing, it is declared that, where a junior mortgagee becomes the purchaser of lands at a sale under a power contained in a prior mortgage, the debt secured by his mortgage is a lawful charge upon the lands to the payment of which a judgment creditor seeking to redeem under the statute is bound, and an offer to redeem which does not include such debt, the amount thereof being known, is insufficient, and that such junior mortgagee, purchasing at such sale and taking possession under his purchase, does not stand in the relation of mortgagee in possession to a judgment creditor seeking to redeem under the statute, but holds as purchaser and absolute owner; and the rents and profits accruing to him while in such possession cannot be applied to the extinguishment of the debt secured by his junior mortgage, thereby lessening the amount which the creditor would have to pay or offer to pay before he would be entitled to redeem. See, also, Williams v. Rouse, 124 Ala. 160, 161, 27 South. 16; Spoor v. Phillips, 27 Ala. 193, 197; First Nat. Bank of Anniston v. Elliott, supra, 125 Ala. 653, 27 South. 7, 47 L. R. A. 742, 82 Am. St. Rep. 268; Johnson v. Davis, 60 South. 799, 180 Ala. 143, 147; Hale v. Kinnaird, 200 Ala. 596, 76 South. 954, 958 (7–10); Morrison v. Formby, 191 Ala. 104, 106, 107, 67 South. 668; 27 Cyc. 839.

[6-8] It is only after an offer to redeem, accompanied by a tender of the amount required under the statute to effectuate such redemption, and a refusal on the part of the person to whom redemption is properly sought and tendered, does such purchaser in possession become liable for waste thereafter committed by him or for accruing rents thereafter collected by him from the lands as the owner thereof by such purchase. Johnson v. Davis, supra; Hale v. Kinnaird, supra. The tender required by statute must be observed and properly averred in a bill to redeem. Code 1907, § 5746 et seq.; Lord v. Blue, 200 Ala. 521, 76 South. 463; Thompson v. Brown, 200 Ala. 382, 76 South. 298, 299; Hale v. Kinnaird, supra; Wittmeier v. Cranford, 199 Ala. 1, 73 South. 981; Vick v. Beverly, 112 Ala. 458, 21 South. 325. A sufficient reason must be averred in a bill to redeem in order to excuse a redemptioner's failure to make tender of the amount necessary for redemption; and the offer must be made good by a deposit of the amount due with the register of the court when the bill is filed. Murphree v. Summerlin, 114 Ala. 54, 21 South. 470; Seals v. Rogers, 172 Ala. 651, 55 South. 417; Beatty v. Brown, 101 Ala. 695, 14 South. 368; Wittmeier v. Cranford, supra; Johnson v. Davis, supra; Dozier v. Farrior, 187 Ala. 181, 65 South. 364.

Of tender and sufficient explanation and excuse for its failure, Mr. Justice Mayfield recently stated:

"What was said by Stone, C. J., in Root v. Johnson, 99 Ala. 92, 10 South. 294, is in exact point in the case at bar: 'The law does not exact the observance of a vain ceremony. The purpose of tender, in a case like the present, is to leave the seller without excuse for a noncompliance with his contract, and to cast on him the fault of its breach. When, before tender made, the party to whom money is due declares he will not receive it, or makes any declaration or demand which is equivalent to a refusal to accept the money, if tendered, then actual tender is dispensed with. 7 Wait's Act. & Def. 593. It was sufficient, in this case, to tender payment in the bill.'" Johnson v. Smith, 190 Ala. 521, 524, 67 South. 401, 402.

Was, then, the primary purpose of the bill for redemption? Appellee's counsel prefaced their argument filed in this court with the statement that—

"This is a bill filed by W. W. Vaughn, appellee, to redeem 40 acres of land held by appellant under a mortgage foreclosure sale."

However, they further define their position as follows:

"The chief point in this case which appellant is relying [on] is the fact that appellee did not offer to redeem, or tender the amount due on the mortgage to the appellant before filing this bill. This was not done, of course, and under appellee's bill in this case no tender, or offer to redeem, was necessary before the filing of the bill. This is not a bill to redeem under the statutory right of redemption. Johnson v. Smith, 190 Ala. 521, 67 South. 401. The mort-

gage given by appellee to appellant has never been foreclosed, but appellant is endeavoring to hold title to said land under a mortgage foreclosure with which appellee had no connection whatever. In other words, appellant is trying to shield himself with his own wrong and is asking the court in this case to disregard the rights of appellee after he has received $214 on the mortgage he holds against appellee for the purchase price of said land."

If we look to the prayer of the bill to denominate its primary purpose, it will be noted it is asked: (1) That complainant be allowed to redeem said land on the payment of the balance due on the purchase price—mortgage of $400 given by W. W. Vaughn and wife to S. E. Wootten on June 13, 1916, and falling due, according to its terms, November 1st of said year, being secured by the N. E. ¼ of the S. W. ¼ of section 2, township 6, range 8, containing 40 acres, conveyed by J. T. Vaughn and wife to W. W. Vaughn on said June 13, 1916, and reciting a consideration of $500; (2) that all crops received by defendant Wootten during the year 1916 which were grown on the land belonging to complainant be decreed to be a credit on said mortgage, and that the chattel mortgage from said Vaughn to Wootten conveying the crops therein contained be declared collateral to said mortgage; (3) that the mortgage executed by Wootten and wife to W. T. Callahan be enforced primarily against the N. W. ¼ of the S. W. ¼ and the S. W. ¼ of the N. W. ¼ of said section, township, and range, if it be ascertained that said land is of greater value than the amount due on the Callahan mortgage, and that complainant's land be released from said mortgage ($400 purchase-money mortgage above adverted to), and the same canceled as a cloud on complainant's title; (4) that, after the application of said corn, cotton, and other produce as credit on said mortgage due, defendant Wootten be permitted to redeem said land from defendant and from said foreclosure sale, as made on December 11, 1916, on the payment of the balance, if any, due on said mortgage after the application of said crops as received by said Wootten on said mortgage, and that complainant's mortgage be canceled.

[9] Appellee's counsel are correct in the view that the primary purpose of this bill was not for redemption from the foreclosed Mitchell mortgage, but from the mortgages given by the complainant to S. E. Wootten to secure the purchase price of the east 40 in question. We have examined the record, and are of the opinion that it was the agreement of the parties to the contracts of purchase of the respective 40-acre tracts to require that Wootten prevent the foreclosure of the Mitchell mortgage, which he failed to do. He will not be permitted to breach his contract, and become a purchaser at its foreclosure, and under the foregoing authorities, not apply the rents accruing on said 40 to the mortgage on the land or collateral mortgage on crops grown thereon. That this was the contract is the only rational explanation of the giving of the mortgage by W. W. Vaughn to Wootten "on the crops on the [lands] * * * mortgaged to Wootten."

[10] Rent is an incident to the reversion, and if land is conveyed before the rent falls due without a reversion, the party who owns it at the time it falls due is entitled to the same; yet the rent may be reserved from the reversion by the owner of the land, if he assigns the rent note before the land is sold, either by his own conveyances or under legal proceedings. The rent is thus severed, and the purchaser of the land does not acquire the right to the rent. Young v. Garber, 149 Ala. 196, 42 South. 867; Pierce v. Fulmer, 165 Ala. 344, 51 South. 728. There was no such reservation or severance of the rent shown by the evidence. The grantor, J. T. Vaughn, was permitted to testify that he "reserved the rent for the year 1916 on all the land * * * and turned it over to" W. W. Vaughn. This is in contradiction of the express provisions of his two conveyances to Wootten and to W. W. Vaughn, respectively.

Under this evidence it was error to allow complainant credit for the amount of the rents on the 80 acres of land conveyed by J. T. Vaughn rather than confining such allowance to the east 40 thereof, which was purchased and conveyed by said J. T. Vaughn to complainant W. W. Vaughn.

[11] According to the averments of the bill seeking ascertainment of the amount due and redemption from the unforeclosed mortgages given by W. W. Vaughn to the said Wootten, no tender of the amount necessary for redemption was required as a condition precedent to maintenance of the bill. It is offered in the bill to pay the amount due on his mortgages to Wootten. The question of costs in equity rests largely in the discretion of the chancellor; its taxation may be varied on appeal as the justice of the case may require. Manning v. Carter, 77 South. 744.[3] For the error of retaining Mrs. Wootten as a respondent against her demurrer and for the allowance to complainant of rents on the west 40 purchased by Wootten, the decree is reversed, and the case is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

[3] 201 Ala. 218.