## TURNER v. JACOBS.

(Circuit Court of Appeals, Fifth Circuit.
October 30, 1926.)

No. 4860.

**1. Mortgages** ⬅594(1).

Right of redemption as to mortgages given by statute is strictly confined to those on whom statute confers it.

**2. Bankruptcy** ⬅178(1)—Mortgage executed to judgment creditor within four months preceding bankruptcy and pending foreclosure of prior mortgage held invalid, as made with intent to hinder, delay, or defraud creditors (Code Ala. 1923, §§ 10140–10142, 10145, 10148, 10150).

In view of Code Ala. 1923, §§ 10140, 10141, 10145, 10148, 10150, relating to right of redemption, mortgage executed within four months preceding bankruptcy to judgment creditor at time foreclosure of prior mortgage was pending *held* invalid, as made with intent to hinder, delay, or defraud creditors, since under section 10142 neither trustee in bankruptcy nor other judgment creditors had right of redemption from redeeming junior mortgagee.

**3. Fraudulent conveyances** ⬅11.

Intention to hinder, delay, or defraud creditors is manifested by debtor voluntarily transferring property, so that one creditor gets more than his due, and other creditors cannot subject property to debts owing to them.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Suit by J. C. Jacobs, as trustee of the estate of Beatrice H. Lester, bankrupt, against J. W. Turner. Decree for plaintiff, and defendant appeals. Affirmed.

Schuyler H. Richardson and Paul Speake, both of Huntsville, Ala. (S. H. Richardson, R. E. Smith, and Spragins & Speake, all of Huntsville, Ala., on the brief), for appellant.

Douglass Taylor, of Huntsville, Ala., and D. P. Wimberly, of Scottsboro, Ala.; for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree canceling and annulling a mortgage on land to the appellant, dated May 7, 1925, and executed on June 13, 1925, by a married woman, who was adjudged bankrupt on September 22, 1925, pursuant to a petition which was filed after the execution of that mortgage. That decree contained a provision to the effect that appellant's rights as the holder of the recorded judgment hereinafter mentioned were preserved. The suit in which that decree was rendered was brought by the appellee, the trustee of the estate of the bankrupt; the amended bill attacking that mortgage on the grounds that it was executed with the intent to hinder, delay, or defraud the creditors of the bankrupt, and that it constituted an unlawful preference given by the bankrupt to the appellant.

Evidence adduced showed the following: When the attacked mortgage was executed, the appellant owned a recorded judgment rendered against the mortgagor in 1924, which created a lien on the land described in that mortgage, which was given to secure the amount of that judgment, with interest on that amount. The situation of the bankrupt at that time is indicated by the following statement of facts disclosed by the evidence: The same land was incumbered by two other mortgages given by the bankrupt, a first mortgage for $25,000 and interest, and a second mortgage securing the sum of $6,000, with interest thereon from June 9, 1924. Proceedings to foreclose the second mortgage were pending, under which the mortgaged property was sold on July 13, 1925, for the sum of $6,510. The bankrupt owed another debt for $10,000, with interest thereon from January 6, 1921. Execution on a $1,500 judgment against the bankrupt for taxes had been levied on property of the bankrupt, which was insufficient to satisfy that execution. For the purpose of securing an appeal from a judgment against her without giving security for the costs of the appeal, which, as to judgments against married women, is provided for by section 6138 of the Code of Alabama of 1923, the bankrupt, on January 12, 1925, made an affidavit that she was unable to give security for the costs of said appeal.

Suits were pending against the bankrupt on the note for the principal of the above-mentioned $10,000 debt; on the notes for the interest on that debt due in January, 1923, in January, 1924, and in January, 1925, and for 10 per cent. attorney's fee on the amounts sued for; on a promissory note for $1,000 made by the bankrupt in January, 1921; and on a claim against her in the sum of $1,800—the last-mentioned suit having been commenced by attachment in March, 1925. The mortgaged land was worth about $50,000. The bankrupt's schedules filed in September, 1925, showed that she owed $1,500 for state and county taxes for the years 1924–25, the above-mentioned mortgage debts, and the debt for $10,000 and interest thereon, and showed no real estate and no personal property which was not exempt. More than 60 days prior to the bankruptcy adjudication the appellant in

writing notified the bankrupt that, if the bankrupt did not, within 60 days from the date of that notice, redeem the mortgaged land from the purchaser at the foreclosure sale on July 13, 1925, appellant would proceed to redeem it. In open court the appellee offered to pay the amount due on the judgment held by appellant, and that offer was refused. No evidence adduced indicated that it was probable or possible for the bankrupt, before the sale of the mortgaged land under the second mortgage, to sell that land for an amount equal to the amount of the debts she then owed.

When the attacked mortgage was executed, the situation of the mortgagor was such that it well may be inferred that she did not then expect to prevent the foreclosure which was impending, or to be able to buy in the mortgaged property at the foreclosure sale, or, after that sale, to have any hold on that property, except a statutory right of redemption, which she would be wholly unable to exercise. By giving the attacked mortgage the position of the appellant, who as the holder of a recorded judgment already had a lien on the land mortgaged and a right to redeem from the purchaser at the sale under the second mortgage, was improved, and the position of other creditors was made worse, in that, after the sale under the then pending proceedings for the foreclosure of the second mortgage, the appellant as a junior mortgagee could redeem from the purchaser at that sale, and under conditions which reasonably were to be anticipated the mortgaged land could not be redeemed from him by another creditor of the mortgagor, or the trustee of her estate in bankruptcy, or another acting in behalf of her other creditors. The fact just stated is a result of the operation, in the situation which arose and which reasonably was to be expected to arise, of provisions of the Alabama statute which gives a right of redemption which comes into existence upon the extinction of the equity of redemption. That statute contains the following provisions:

"Where real estate, or any interest therein, is sold under execution, or by virtue of any decree in the circuit court, or under any deed of trust, or power of sale in a mortgage, the same may be redeemed by the debtor, junior mortgagee, vendee of the debtor, or assignee of the equity or statutory right of redemption, wife, widow, child, heir at law, devisee, or any vendee or assignee of the right of redemption under this Code, from the purchaser, or his vendee, within two years thereafter in manner following." Code of Alabama 1923, § 10140.

"The priority of the rights of the several persons or parties mentioned in the preceding section, to redeem, shall be in the order in which they are mentioned therein; but any person or party who is entitled to redeem may give notice of his intention to redeem, to those having prior rights to redeem, and if such persons to whom notice is thus given do not redeem or bring suit to redeem within sixty days after the service of such notice, then the party giving the notice may, within thirty days thereafter, exercise his right to redeem by suit or otherwise and no further redemption by the parties so notified may be made. The notice shall be in writing served upon the party if a resident of this state and can be found." Id. § 10141.

The statute (Id. § 10148) also provides for redemption by a judgment creditor of the debtor, and by one such creditor from another. Id. §§ 10148, 10150. It also contains the following provisions:

"In the event a junior mortgagee, or judgment creditor redeem from a prior mortgagee or judgment creditor, the debtor's wife, widow, children, heirs or devisees may redeem from such junior mortgagee or judgment creditor by paying," etc. Section 10142.

One redeeming is required to pay or tender to the purchaser or his vendee the purchase money, with interest at the rate of 10 per cent. per annum thereon, and the amounts of specified lawful charges, with legal interest. Id. § 10145.

[1, 2] It is well settled that the right of redemption given by the statute is strictly confined to those upon whom the statute specifically confers it, and that it cannot be exercised otherwise than as provided in the statute. Under the Alabama decisions a trustee in bankruptcy, as the assignee of the statutory right of redemption, has the right of redemption. Johnson v. Davis, 180 Ala. 143, 60 So. 799; Leith v. Galloway, 189 Ala. 204, 66 So. 149. But his right of redemption and the right of redemption of a judgment creditor are subordinate to that of a junior mortgagee. Code, § 10140, supra. It is apparent that, before a redemption by the appellant from the purchaser at the foreclosure sale under the second mortgage, the appellee would not acquire the opportunity to redeem as a result of giving the notice provided for in section 10141, as the appellant's purpose to use his right to redeem to get the land rather than to get his debt paid was manifested by his refusal to accept the amount due him when it was tendered. Neither the appellee nor a judgment creditor could redeem from the ap-

pellant, as the statute (section 10142) specifies those who may redeem from a redeeming junior mortgagee, and the specification excludes the trustee in bankruptcy of the debtor's estate, and also judgment creditors.

[3] The result of sustaining the attacked mortgage would be to enable the appellant to get and keep the mortgaged land, subject only to the liens of the first mortgage and for taxes, by paying the amount at which it was sold under the second mortgage, with interest thereon at the rate of 10 per cent. per annum, and specified lawful charges payable to the person redeemed from. The circumstances existing when the attacked mortgage was executed were such that it well may be inferred that the mortgagor then contemplated such a result, which involved the enabling of one creditor to get for his debt property worth substantially more than the amount of the debt, and the putting beyond the reach of other creditors the debtor's only asset of substantial value, which, but for that mortgage, could be subjected to the payment of the debts owing to them. An intention to hinder, delay, or defraud creditors is manifested by a debtor voluntarily so transferring substantially all his property, which is subject to be applied to the payment of his debts, that if that transfer stands one creditor can get more than is due him, and other creditors cannot subject that property, or any part of it, to the payment of the debts owing to them.

For reasons above indicated, we conclude that the decree appealed from was not erroneous. That decree is affirmed.