# LAMPLEY ET AL. vs. WEED & CO.

[BILL IN EQUITY BY JUDGMENT CREDITOR TO REDEEM LANDS SOLD UNDER MORTGAGE.]

1. *Objection to agent's authority to make tender.*—The defendant in a redemption suit cannot raise the objection in his answer, that the agent, by whom the tender was made, was not authorized to make it, unless he objected to the tender on that ground when it was made.

2. *Hearing on bill and answer.*—Although the answer is to be taken true in every respect, when the cause is submitted by consent on bill and answer only; yet, where the answer admits enough to sustain the bill for complainant, his bill should not be dismissed.

APPEAL from the Chancery Court of Barbour. Heard before the Hon. WADE KEYES.

THIS bill was filed by Wm. H. Weed & Co. as judgment creditors of James E. Warren, to redeem certain lots in the town of Clayton, which had been sold under mortgage executed by said Warren, and purchased by John M. Lampley, who was the mortgagee. The bill alleged a tender and refusal of the amount of the purchase money, with ten per cent. interest thereon and all lawful charges, and the further offer to credit complainants' judgment with a sum at least equal to ten per cent. of the purchase money; and the tender was renewed in the bill. The defendant answered the bill, admitting the rendition of complainants' judgment, the issue and return of execution thereon, the execution of the mortgage, the sale under it, and his own purchase. In reference to the alleged tender, he states that one "Henry D. Clayton, in March, 1853, stated to respondent that he was authorized by James L. Pugh, esq., to redeem said lots under a judgment in favor of Weed & Co. against said Warren, and that he wished to redeem it accordingly, and would pay respondent his purchase money, with ten per cent. thereon; that respondent did not then know or admit that said Clayton had any authority to redeem said lots under said judgment, nor does he now know or admit any such authority; that respondent did not consider or admit said offer to be a compliance with the

statute, nor does he now admit it, but, on the contrary, avers that it is not a compliance with the statute, and that complainants have no right to redeem said lot ; that within a week afterwards said Clayton returned, and said he was then prepared to pay respondent the balance due on said mortgage, which was some thirty or forty dollars, and the said purchase money, with ten per cent. thereon, for the purpose of redeeming said lot under the statute ; that respondent did not then, nor does he now, know, admit, or recognize any authority in said Clayton to make either or any of said offers to redeem, either for himself or any other person ; that said offer was not a compliance with the statute, and respondent then insisted, as he still insists, on his right to retain and keep said lot ; that complainants never made any offer to redeem said lots", &c.

The case was submitted for final decree, on bill and answer ; and the chancellor held, that the complainant was entitled to the relief prayed. A reference to the master was ordered of the matters of account, and his report was confirmed without exception. The chancellor's decree is now assigned for error.

JAS. E. BELSER, for the appellant, contended,—

1. That as the cause was heard on bill and answer only, the allegations of the answer must be taken as true.—Forrest and Wife v. Robinson, 2 Ala. 215; White v. Florence Bridge Co., 4 *ib.* 464; Edmondson v. Montague, 14 *ib.* 370.

2. That the tender made by Clayton was not sufficient, because Pugh, even if authorized to make a tender as agent for complainant, could not appoint another agent to act for him. Story on Agency, §§ 13, 14; Bryant v. Owen, 1 Port. 201; Wood v. Milam, 7 Ala. 800.

3. That Clayton's agency should have been proved, since the answer disclaimed all knowledge of it.—Strawbridge v. Spann, 8 Ala. 826; O'Connell v. Walker, 1 Port. 263; Scott v. Crane, 1 Conn. 255.

CHILTON, C. J.—Although Lampley raises a weak objection to Clayton's authority to make the offer of redemption, he does not aver that he was not authorized, or that he raised any objection to a redemption on the ground of a want of

authority. Had he done so, the supposed defect of want of authority, doubtless, might readily have been supplied. But he refused to allow the redemption, and insisted upon his right then, as he still does by his answer, to hold on to the land. He cannot now be allowed to set up the want of authority in Clayton, having made no such objection then ; ·the complainants insisting upon the acts of Clayton as binding upon them, as their authorized agent. The case of Conthway v. Berghaus, 25 Ala. 393, is directly to this point, and shows that the offer was sufficient.

The objection, that the bill should have been dismissed, because, the case having been submitted by consent on bill and answer only, the answer must be regarded as true in every respect,—would be available, but for the fact that the answer admits enough to sustain the decree. ·

As to the amount due upon Lampley's mortgage, the answer is somewhat indefinite,—stating that it was thirty or forty dollars. The register reports the amount, with interest, at forty-five dollars. We see nothing improper in this. If the item was improper, exceptions should have been taken to the report ; but this was not done.

Let the decree be affirmed.

RICE, J., having been of counsel in this case, did not sit.