# Johns *v.* Anchors.

### Bill to Redeem From Foreclosure Sale.

(Decided Dec. 19, 1907.  45 South. 218.)

1. *Mortgages; Foreclosure; Redemption by Judgment Creditors.* —Husband and wife executed a mortgage on certain real estate in the sum of $1000.00; the mortgage was foreclosed under the power and purchased by a third person for $50.00; the purchaser transferred, for valuable consideration to the original mortgagee the property purchased at the foreclosure sale. The wife, within the statutory period of redemption, and without fraud or collusion, obtained a judgment against the husband. Held, she was entitled to redeem the land on tender of the amount bid at the sale, with interest and lawful charges and crediting 10 per cent of the amount originally bid, upon her judgment against the husband, and it was not necessary, in order to redeem, that she pay the balance due on the mortgage debt.

2. *Tender; Refusal; Objection.*—Where the tender of the judgment creditor, made to effect a redemption from foreclosure sale, was refused on the sole ground that the tender was insufficient to pay the balance due on the mortgage debt, the grantee of the land could not thereafter deny the creditor's right to redeem on the ground that it was not made affirmatively to appear that the grantee was the vendee of the original purchaser at the time the tender was made, since the duty was upon the purchaser from the purchaser at foreclosure sale to inform the redemptioner when tender was made if he was not the purchaser of vendee.

[Johns v. Anchors.]

3. *Mortgages; Foreclosure; Redemptions; Nature of Right.*—The right of a judgment creditor to redeem from a foreclosure sale being purely statutory it is no objection to the redemption that it is inequitable, if the statute conferring the right has been complied with. Section 3510, Code 1896.

4. *Estoppel; By Deed; Persons Estopped.*—A wife who signs a mortgage given to secure evidences of the husband's debt, and whose signature is for the purpose of releasing dower in the land is not estopped thereby to redeem as a judgment creditor of the husband, nor is a warranty implied by her signature to the mortgage.

5. *Mortgage; Effect of Foreclosure.*—The foreclosure of a mortgage renders the mortgage functus, officio, although the property thereby conveyed sold for much less than the mortgage debt.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Mary Anchors by L. W. Johns to enforce statutory redemption. From a decree for complainant, respondent appeals. Affirmed.

FRANK S. WHITE & SONS, for appellant. It would be inequitable and unjust for the wife of a mortgagor to be permitted to deprive the purchaser of the land without the payment of the purchase price. It would be inequitable to permit the complainant to redeem the land as a judgment creditor.—*McGough v. Sweetser*, 97 Ala. 361. The judgment was collusive and she could not redeem.— Section 3510, Code 1896. Johns himself had a judgment and after the offer of Mrs. Anchors to credit her judgment with 10 per centum, then Johns had the right to offer to credit his judgment with a like sum.—Sec. 3511, Code 1896. This would have accomplished the purpose of the statute. The right of redemption is a statutory right and is strictly construed.—*Terry v. Allen*, 132 Ala. 657; *Burke v. Brewer*, 133 Ala. 392.

A. LATADY, for appellee. The tender and offer to credit was sufficient.—*Walker v. Ball*, 39 Ala. 306; *Couthway v. Berghaus*, 25 Ala. 406; *Lampley v. Weed*, 27 Ala. 622. As a judgment creditor the appellee was under no

obligation to tender the balance due on the mortgage which was foreclosed.—1st Nat. Bank v. Elliott, 125 Ala. 646.

McCLELLAN, J.—Bill to enforce statutory redemption, and the relief sought was granted by the chancellor. E. H. Anchors purchased for $1,200 from appellant, Johns, the real estate described in the bill, paying in cash $200, and giving his notes, secured by mortgage on the land, for the $1,000 balance. The complainant (appellee), the wife of Anchors, joined in the execution of the notes and mortgage. On default in payment of the notes, the mortgage was validly, the record shows, foreclosed under the power provided, and one Truss became the purchaser at the sale on his bid of $50. Latterly Johns purchased the land from Truss. Within the time specified in section 3510 of the Code of 1896 appellee reduced her demand against E. H. Anchors to judgment. The answer assails this judgment as the product of fraud and collusion; but the evidence, noted in the cause, without conflict or unfavorable inference, establishes the bona fides of the indebtedness underlying the judgment, as well as refutes all of the charges of fraudulent conspiracy asserted by the answer. So in this respect the appellee is entitled as a judgment creditor to the benefit of the redemption statutes; and we are of the opinion that the record shows a literal compliance by the proposed redemptioner with the terms and conditions of the statutes. The tender was of the amount bid, with interest, and the expression of willingness to pay lawful charges and an offer to credit 10 per cent of the bid sum on the appellee's judgment. We cannot accept the view entertained by appellant's objections that the offer to credit was of a sum less than that required by the statute. If, though the language expressing the

offer to credit, found in the record, be interpreted as appellant insists, the credit offered would exceed that demanded by the proviso in question, which is 10 per cent of the amount originally bid for the land—in this case, $5.

The appellant further contends that it is not affirmatively shown that the tender was made to the proper person. The tender was made to appellant, and he refused to allow the redemption, for the sole reason that the tender did not include a sum sufficient to pay the whole of the unpaid mortgage debt. The statute under consideration is expressly to the contrary. Nor can the appellant be permitted to defeat this redemption by the contention that it is not affirmatively shown that he was the vendee of the purchaser at the time of the tender. His refusal to accept the tender made, which was ample in amount, was rested upon the consideration, and that only, stated above. It would be the grossest injustice to the appellee, if it were otherwise allowable (*Walker v. Ball*, 39 Ala. 298), to countenance such a change of base. Having declared the reason for his refusal, he cannot abandon it for one appearing subsequently to be to his advantage to assert. If he was not the vendee of Truss at the time of the tender, it was his duty to so inform the proposed redemptioner, that she might then apply to the purchaser, and, not having done so then, he cannot now.—*Lampley v. Weed*, 27 Ala. 621; *Couthway v. Berghaus*, 25 Ala. 393.

There is no merit in the insistence that equity forbids the redemption here involved. Such redemption being purely statutory, and a mere privilege given certain classes, the only inquiry in such cases is: Has a compliance with the statutes by one so entitled been shown? If so, the purpose of the statute must be given effect. No property right is involved, and no doctrine of equity can

intervene to deny the benefit of the redemption to any within it.

The joinder of appellee in the mortgage was that her dower rights in the land might be released, and no warranty of hers was implied in or made by her execution of it. As to the notes, they were for the husband's debt, and as to her were void. No estoppel against her was created by her signature to them.

If the loss of the difference between the sum bid and the amount of the mortgage debt appears to be a hardship on the appellant, it is the result of his own act in not seeing that the land brought, at the sale, the amount of the debt. The appellee owed the appellant no debt, nor was she liable to him on any account, and it would be patently unjust to lay, as a condition for her redemption as a judgment creditor of the mortgagor, the satisfaction of another's debts. The statute does not require it. The case of *McGough v. Sweetser*, 97 Ala. 367, 12 South. 162, 19 L. R. A. 470, is not applicable here. There the equity of redemption was sought to be effected under the unforeclosed dower rights of a wife of a mortgagor. In short, the mortgage had not been foreclosed as to the wife, and she was forbidden to redeem until the whole debt was paid. Here the mortgage was rendered functus by foreclosure, and the redemption is sought by a judgment creditor.

The decree below is without error, and is therefore affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.