# Greenwood, *et al., v.* Trigg, Dobbs & Co.

### *Bill to Redeem Lands.* .

#### (Decided April 9, 1908. 46 South. 227.)

1. *Mortgages; Redemption by Judgment Creditor; Pleading; Sufficiency.*—Since, under section 1921, Code 1896, recorded judgments operate as liens only upon lands situated in the county where recorded, a bill by a judgment creditor to redeem land from mortgage must aver that the land is situated in the county where their judgment is recorded, as their right to redeem is dependent upon their lien.

2. *Pleading; Conclusion of Pleader.*—An averment that lands are subject to a lien created by a judgment is the allegation of a mere conclusion and insufficient.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill to redeem mortgaged land by the firm of Trigg, Dobbs & Co. against H. B. Greenwood, Sara E. Greenwood, and Thomas A. Cox. From a judgment overruling demurrers to the bill, this appeal is prosecuted. Reversed and rendered.

The case made by the bill is that on the 8th day of October, 1897, the complainant recovered a judgment in the circuit court of Marshall county against Greenwood in the sum of $29.70, together with the cost, and on the 8th day of December, 1904, a certificate of said judgment was duly filed and recorded in the office of the judge of probate of Marshall county, and that the lands described in the bill are subject to the lien created by said judgment and the filing and recording of said certificate; that on the 4th day of April, 1893, Greenwood made a mortgage to Thomas A. Cox on this land to secure an alleged indebtedness. of $500; and that at the time said Greenwood was seized and possessed of the lands described in the mortgage. There are also allegations in reference to a part payment of the mortgage and

an offer to redeem, and a prayer to that effect, and that the lands be sold for the satisfaction of the judgment. Demurrers were interposed to the bill, raising the question of whether or not the recitals in the bill show a lien and a failure of the bill to allege that the lands were situated in the county where the judgment was recorded, as fully appears in the opinion.

STREET & ISBELL, for appellant. To entitle complainants to redeem it must appear that they have a lien upon the land described in the bill.—*Kelly v. Longshore,* 78 Ala. 203. It is necessary to a creation of the lien that it should appear in the bill that the lands are situated in Marshall county where the judgment lien is recorded. —*Collier v. White,* 97 Ala. 615; Sec. 1921, Code 1896. Under the following authorities, the certificate of the judgment is void for failing to set out the names of the individuals composing the firm.—*Moore v. Burns,* 60 Ala. 269; *Reed & Co. v. McLeod,* 20 Ala. 576; 17 A. & E. Ency. of Law, 775 and note 9.

JOHN A. LUSK, for appellee. No brief came to the Reporter.

DOWDELL, J.—Recorded judgments operate as a lien only upon land situated in the county where recorded.—Civ. Code 1896, § 1921; Acts 1903, p. 273. To entitle complainants to redeem, it must appear they have a lien upon the land described in the bill.—*Kelly v. Longshore,* 78 Ala. 203. The bill nowhere shows that the lands described are situate in Marshall county, where the judgment was recorded.

The averment in the bill that said lands are subject to the lien created by the judgment is but the averment

of a conclusion of the pleader.—*Collier v. White,* 97 Ala. 615, 12 South. 385. The decree of the chancellor, overruling the demurrer, will be reversed, and one here rendered sustaining the demurrer.

Reversed and rendered.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.