KNICKERBOCKER v. HALLA et al.†

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

No. 1,749.

1. MINES AND MINERALS (§ 23*)—MINING CLAIMS—FORFEITURE.
    One who does the assessment work on an association placer mining claim for which he is paid by one of the part owners has no right to enforce a forfeiture of the interest of another part owner for failure to contribute.
    [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 58; Dec. Dig. § 23.*]

2. MINES AND MINERALS (§ 23*)—MINING CLAIMS—FORFEITURE FOR FAILURE TO CONTRIBUTE TO ASSESSMENT WORK.
    The publication of notice to a part owner of a mining claim to contribute to the cost of doing the assessment work thereon for the previous year under penalty of forfeiture of his interest under Rev. St. § 2324 (U. S. Comp. St. 1901, p. 1426), is a waiver of a prior personal notice, and the de-

linquent may make his contribution at any time within 90 days from such notice by publication.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 58; Dec. Dig. § 23.*]

3. MINES AND MINERALS (§ 23*)—MINERAL CLAIMS—TENDER OF CONTRIBUTION TO ASSESSMENT WORK.

A part owner of a mining claim who holds an option to purchase the interest of a co-owner has the right to tender the contribution of the latter to the cost of assessment work to avoid a forfeiture.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig.' § 58; Dec. Dig. § 23.*]

4. MINES AND MINERALS (§ 23*)—MINING CLAIMS—TENDER OF CONTRIBUTION TO ASSESSMENT WORK.

A part owner of a mining claim has implied authority to make a tender of the amount due from a co-owner as a contribution to the cost of assessment work to avoid a forfeiture.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 58; Dec. Dig. § 23.*]

5. MINES AND MINERALS (§ 23*)—MINING CLAIMS—CONTRIBUTION TO ASSESSMENT WORK—VALIDITY OF TENDER.

Where a tender made on behalf of a part owner of a mining claim of his share of the cost of assessment work done by another to avoid a forfeiture of his interest was not objected to on the ground of want of authority of the agent when made, the right to make such objection is waived.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 58; Dec. Dig. § 23.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Action by L. C. Knickerbocker against Otto Halla, W. Sedlacek, John A. Webb, A. L. Butler, Charles R. Ewing, George M. Lincoln, H. Jones, W. H. Smith, Sam Samson, and others. Judgment for defendants, and plaintiff brings error. Reversed.

J. Allison Bruner, Elwood Bruner, Ira D. Orton, Albert Fink, N. H. Castle, and P. M. Bruner, for plaintiff in error.

Albert H. Elliot, O. D. Cochran, F. E. Fuller, W. A. Gilmore, and J. W. Albright, for defendants in error.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge. The plaintiff in error, together with seven others, located the association placer mining claim of 160 acres, known as the "Halla tract," in the Cape Nome mining and recording district, Alaska. Each of the locators owned an undivided one-eighth interest in the claim. Among the locators were Otto Halla and S. Lapiana. The plaintiff in error brought ejectment against the defendants in error for the recovery of an undivided one-fourth interest in the claim, and damages for the wrongful detention thereof, alleging in his complaint that he had become the owner of Lapiana's interest. The defendant in error answered alleging that the interest of the plaintiff in error and that of Lapiana had been forfeited for the failure of the owners thereof to do the assessment work for the year 1902, and that by such forfeiture their interests had been ac-

quired by the defendants in error Webb, Butler, and Ewing. The jury returned a verdict for the defendants in error, on which judgment was entered.

The plaintiff in error, among other assignments, assigns error to the refusal of the court to instruct the jury to direct a verdict against the defendants in error, and to submit to the jury, under proper instructions, the question of damages only. We think the motion should have been allowed on two grounds:

First. The proceedings to forfeit the interest of the plaintiff in error and that of Lapiana were based upon their failure to contribute to the annual assessment work for the year 1902, done upon the claim by Webb, together with his partners, Butler and Ewing. Prior to December 16, 1902, Webb had no interest in the claim. On that date Halla executed to him a deed of an undivided one-sixteenth interest; the consideration therefor being the use by Halla of a cabin belonging to Webb, and the promise of Webb to Halla to do the assessment work on that claim and certain other claims for the year 1902. In pursuance of that contract, Webb and his partners, after December 16, 1902, performed the work. It is clear that the performance of the work under the agreement gave Webb no right to claim forfeiture as against any of the owners for failure to contribute to the expense thereof. He was fully paid by Halla for his work. He was hired by Halla to do the work, and the conveyance which Halla made was his pay. Halla, having caused the work to be done, and having paid, therefor, had the right to claim contribution and give notice of forfeiture; but neither Webb nor his partners had any such right.

Second. The record makes it clear that within the time allowed by law the plaintiff made due tender to Webb on behalf of himself and Lapiana of the full amount due from each as his proportionate share of the assessment work. It is proven, and is not disputed, that, in company with a witness, he went to Halla and Webb, and made to each of them a tender of the sum of $50. Halla referred him to Webb, Butler, and Ewing as the parties in interest. Webb made no objection to the form or amount of the tender or to the right of the plaintiff in error to represent Lapiana; but he refused to take the money, stating that Ewing and Butler had done the work. The evidence is that the plaintiff in error and his witness then went to the other parties so referred to, and that they also refused to accept the money. No tender to Butler and Ewing was necessary. The court below, in charging the jury, seems to have entertained the view that the tender, so far as the plaintiff in error was concerned, was of no avail, for the reason that it was made after his time for making it had expired, and that for Lapiana's interest it was of no avail for the reason that there was no proof that the plaintiff in error was authorized by Lapiana to make the tender or that Lapiana afterward ratified it. It becomes important to know at what time the right of the plaintiff in error to redeem expired. Two notices of forfeiture were proven. One was a personal notice, said to have been in writing, the writing having been subsequently lost, served on the plaintiff in error but not on Lapiana, in the early part of January, 1903. The second

was a printed notice dated January 24, 1903, published in compliance with the law, directed to the plaintiff in error, Lapiana, and others, notifying them that, if they failed within 90 days after the date of the last publication of the notice to contribute their proportion as co-owners, their interests in the claim would become the property of the undersigned, under the provisions of section 2324, Rev. St. (U. S. Comp. St. 1901, p. 1426). It bore the signatures of Webb, Butler, and Ewing. While the tender was not made within the time required by law, under the first notice, it was within the time required under the published notice. We entertain no doubt that the second notice was, so far as the time for contribution is concerned, a waiver of the first, and operated to extend the time for making the payments to prevent forfeiture. It contained notice to the plaintiff in error and to Lapiana that, if payment was not made, their interests would be forfeited within 90 days from April 18, 1903. The tender, therefore, was sufficient and in apt time to prevent forfeiture. It was also a good tender for Lapiana. The plaintiff in error testified that, at the time when the tender was made, he was in possession of an option from Lapiana, in the exercise of which he subsequently purchased Lapiana's interest. If this was true, and there was no evidence tending to contradict it, it would seem that he had an interest in the claim such as to entitle him to make the tender for the protection thereof.

Again, the plaintiff in error was a tenant in common with Lapiana. It has been held that an agency to make the tender in such a case would be implied from the relation in which the parties stood. Gentry v. Gentry, 1 Sneed (Tenn.) 87, 60 Am. Dec. 137. It is to be noted, also, that no objection was made to the tender on behalf of Lapiana for want of authority in the plaintiff in error to make it. It is held that failure to make such objection is a waiver of the right to urge it thereafter. 28 Am. & Eng. Enc. of Law, 35; Lampley et al. v. Weed & Co., 27 Ala. 621.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with the foregoing views.