196 So. 265

## SAENGER THEATRES CORPORATION
### v. McDERMOTT.

1 Div. 82.

Supreme Court of Alabama.
March 28, 1940.

Rehearing Denied June 6, 1940.

Julius S. Swann, of Gadsden, for appellant.

L. B. Rainey, of Gadsden, for appellee.

630

Ball & Ball, of Montgomery, for appellant.

Vincent F. Kilborn, of Mobile, for appellee.

BROWN, Justice.

This appeal is from an interlocutory decree overruling the demurrers of the defendant, Saenger Theatres Corporation, to the bill as last amended.

The bill filed by a judgment creditor, under § 10148, Code of 1923, in one of its aspects asserts and seeks to enforce the statutory right of redemption of the "Lyric Theatre property," consisting of the building and the lot on which it is situated, and the appurtenances thereto belonging, located on the corner of Joachim and Conti Streets in the City of Mobile, formerly owned by the Theatre Company, Incorporated, and upon which it, in October, 1927, executed a mortgage or deed of trust to the Merchants National Bank of Mobile as trustee to secure the payment of an indebtedness of $60,000, evidenced by first mortgage bonds.

In June, 1929, The Theatre Company, Incorporated, acting in conjunction with its president, Michael A. McDermott, executed a second mortgage on the said Lyric Theatre property to James E. and Walter P. Martin to secure an additional indebtedness of $30,000, said second mortgage covering other properties owned by McDermott and in which the Theatre Company, Incorporated, had no interest, as additional security. Said other property, as the bill alleges, is of the value of $40,000.

The mortgagor made default in the payment of said first mortgage indebtedness; the trustee on June 15, 1937, foreclosed under the power of sale, and treating as true the allegations of the bill as last amended, became the purchaser of the property on its bid of $50,000, taking title in the name of its "nominee," C. C. Inge.

Subsequently Inge and wife conveyed to Henry C. Stearns "as nominee" for Saenger Realty Corporation, said conveyance being made on a recited consideration of $50,000.

Thereafter in July, 1937, soon after said foreclosure, the said trustee named in the first mortgage, and the Martins, junior mortgagees, transferred and assigned, without consideration therefor to Manning, "all of the rights of the said James E. Martin and Walter P. Martin to redeem" the Lyric Theatre property.

Manning, as the bill alleges, was the agent and mere "nominee" of the Saenger Realty Corporation securing said transfer, and acting as such in redeeming the Lyric Theatre property, from the said Realty Corporation. Subsequent to such foreclosure, Manning transferred the title to the respondent Saenger Theatres Corporation, a mere subsidiary and alter ego of the Saenger Realty Corporation, from which the complainant now seeks to redeem.

The bill alleges that there was no consideration for said redemption and no consideration for the transfer of the property from Manning to the respondent. "That the entire series of transactions over [of] the acquisition by Manning of any rights of the Martins up to and including the time the property reached the hands of the Saenger Theatres Corporation, were but a scheme to cut off your Complainant and cut off other parties entitled to redeem, from redeeming said property."

The bill avers that there is a dispute between the complainant and the defendant, appellant here, as to the amount necessary to redeem the Lyric Theatre property; that the defendant claims that complainant must pay $50,000, the amount bid for the proper-

ty; plus 10% from the foreclosure to date of redemption; taxes and special assessments accrued against the property, and in addition thereto the $30,000, evidenced by the junior mortgage, and 8% interest, less payments, to wit, $1,250.

And the bill "avers that Respondent Saenger Theatres Corporation refuses to accept any sum of money less," than that above mentioned.

The complainant offers to do equity, and to credit the debtor on the subsisting judgment as provided by § 10148 of the Code.

The demurrer is addressed to the bill, and to the aspect of the bill seeking a declaratory judgment. The parties before the court seem now to agree that the bill is not filed under the Declaratory Judgment Act, but is filed under the statute conferring on judgment creditors the right to redeem property sold under mortgage foreclosure, and it is well settled that such creditor may redeem from a junior mortgagee, who has exercised the statutory right of redemption conferred on such junior mortgagee by § 10140 of the Code 1923. Code 1923, § 10148; Allison v. Cody et al., 206 Ala. 88, 89 So. 238; Owen v. Kilpatrick, 96 Ala. 421, 11 So. 476; Johns v. Anchors, 153 Ala. 498, 45 So. 218.

The question, therefore, whether the transfer and assignment of the junior mortgage held by the Martins to Manning was merely fictious and colorable for the purpose of effecting a mere colorable redemption from the Saenger Realty Corporation, to prevent a redemption by the complainant and others, is material only in determining the amount necessary to redeem from the operating agency of said Realty Corporation.

A court of equity looks through form to substance. Therefore, taking as true the allegations of the bill, as must be done on demurrer, said transfer and assignment was without consideration and fictitious, and the alleged redemption on the strength thereof was merely colorable designed to embarrass or cut off the right of others to redeem, and in law fraudulent. Fairclough v. St. Amand, 217 Ala. 19, 114 So. 472; Elkins v. Bank of Henry, 180 Ala. 18, 60 So. 96; C. W. Zimmermann Mfg. Co. v. Wilson, 201 Ala. 70, 77 So. 364; Smith v. Thompson, 203 Ala. 87, 82 So. 101; Rollings v. Gunter et ux., 211 Ala. 671, 101 So. 446; Jefferson Lumber Co. et al. v. Powers et al., 223 Ala. 63, 134 So.

464; Horticultural Development Co. v. Lark, 224 Ala. 193, 139 So. 229.

In such circumstances the complainant was under no duty or obligation to pay the debt evidenced by the junior mortgage, and inasmuch as the defendant Saenger Theatre Corporation, demanded its payment as a prerequisite to redemption by the complainant and refused to accept any sum not embracing that debt, the complainant was excused from making tender and bringing the tender into the court. Neither the law or equity requires the doing of a useless thing. Johns v. Anchors, supra; Rudulph v. Wagner, 36 Ala. 698; Odom v. Rutledge & Julian Railroad Company, 94 Ala. 488, 10 So. 222.

The statute, Code 1923, § 10148, confers the right of redemption on "All judgment creditors of the debtor, who, without fraud or collusion, had obtained such judgment before the sale of the land, or within two years thereafter, except by confession of the debtor."

As early as Posey v. Pressley, 60 Ala. 243, 249, it was observed, Brickell, C. J., speaking for the court: "The words of the statute, 'all judgment creditors,' in their natural import embrace every judgment creditor. These are followed by words of exclusion of particular judgment creditors, and the exception thus made can not by construction be enlarged."

It is a familiar rule of pleading that where a right is conferred by statute or acquired by contract in general, followed by words of exclusion excepting particular matters or persons, in action founded on the general grant or covenant, the complaint or bill need not negative the person or right excluded, but the defendant may plead the particular matter by way of defense. Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728.

This rule has been recognized and followed in practice in actions of judgment creditors to redeem from mortgage foreclosures. Johns v. Anchors, supra; Snow v. Montesano Land Co. et al., 206 Ala. 310, 89 So. 719; 42 C.J. 437, § 2264.

The complainant rests her right to maintain the bill on the general grant, and under the stated rule need not negative fraud and collusion in procuring the judgment, nor that the judgment was obtained by confession of the debtor.

■ The statute does not limit the right of redemption to judgment creditors with a lien, but the grant is to "all judgment creditors of the debtor."

The holding in Greenwood et al. v. Trigg, Dobbs & Co., 154 Ala. 487, 46 So. 227, enlarged the exceptions embodied in the statute, is unsound and is not supported by Kelly v. Longshore, 78 Ala. 203, cited in support of the holding, nor is it supported by the statute.

"The facts in the case of Kelly v. Longshore, * * * were that, after Longshore had mortgaged his lands to Lehman, Durr & Co., Kelly recovered a judgment against Longshore. Kelly then filed a bill in chancery to require Lehman, Durr & Co. to foreclose their mortgage, so that he might reach the excess of proceeds of sale, after satisfying the mortgage. The court held that, after the execution of the mortgage, there was nothing left in Longshore but the equity of redemption, and that a creditor of Longshore, or the purchaser of the equity of redemption, conceding the validity of the mortgage, could have no greater right than Longshore, which was simply to redeem from Lehman, Durr & Co." Ware v. Hamilton Brown Shoe Co., 92 Ala. 145, 150, 9 So. 136, 137.

■ We deem it not out of place to observe that the statute, Code 1923, § 7874, does not authorize judgments to be recorded "in the Probate Court." What it does authorize is that "a certificate of the clerk or register of the court by which the judgment or decree was rendered" be filed and registered "in the office of the judge of probate." The grounds of demurrer do not point specifically to this defect in the averments of the bill. Code 1923, § 6553.

■ To entitle a creditor to disaffirm a foreclosure under the power of sale in a mortgage and a purchase by the mortgagee, not being authorized thereunto by the mortgage, he must show that he has acquired the equity of redemption by a sale and purchase thereof under process. In short he must stand in the shoes of the mortgagor. Norton et al. v. British American Mortgage Co., 113 Ala. 110, 20 So. 968.

■ The demurrer addressed to the bill as a whole was not well taken and was overruled without error. Greenwood et al. v. Trigg, Dobbs & Co., supra, in so far as that case holds that a lien on the property is a requisite to the right of a judgment creditor to redeem, is overruled. Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Badham v. Johnston et al., ante, p. 48, 193 So. 420.

Affirmed.

All the Justices concur.