REED *et al. v.* REED.

(In Banc. Nov. 13, 1944.)

[19 So. (2d) 745. No. 35688.]

262

Howie, Howie & McGowan, of Jackson, for appellants.

**L. G. North**, of Belzoni, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee filed her amended bill seeking to establish her right to the possession and occupancy of the homestead of her deceased husband, of which she alleged she was being wrongfully deprived by the defendants. Her right was asserted under Section 478, Code 1942, which reads as follows: "Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood, as long as it is occupied or used by the widow, unless she consent."

Appellants demurred to the bill, and the demurrer being overruled, they answered; and the cause was heard on bill, answer and proof, resulting in a decree for appellee, the widow. When the record reached this Court on appeal, the transcript of the evidence was stricken because of want of notice to the official court reporter within the time required by the statute. Appellants pursue the appeal, however, by the contention that their demurrer should have been sustained.

They say that the amended bill is insufficient in that it does not contain in the respect hereinafter mentioned, the allegations necessary to show that appellee, although the

widow, is one to whom, with others, the homestead here involved descended. Section 476, Code 1942, dealing with the subject, provides as follows: "The property, real and personal, exempted by law from sale under execution or attachment, shall, on the death of the husband or wife owning it, descend to the survivor of them, and the children and grandchildren of the descendant, as tenants in common, grandchildren inheriting their deceased parent's share, and if there be no children or grandchildren of the decedent, to the surviving wife or husband, and if there be no such survivor to the children and grandchildren of the deceased owner; but where the surviving husband or wife shall own a place of residence equal in value to the homestead of the decedent, and the deceased husband or wife have not surviving children or grandchildren of the last marriage, but have children or grandchildren of a former marriage, the homestead of such decedent shall not descend to the surviving husband or wife, but shall descend to the surviving children and grandchildren of the decedent by such former marriage as other property."

It will be observed that the section lays down a general rule to the effect that upon the death of a husband or wife, his or her exempt property shall descend to the survivor and to the children of the owner as tenants in common, but the section concludes with what is in effect an exception to that general rule. Appellants say that appellee should have set up in her bill suitable averments to show that she does not fall within the exception.

The point is not well taken. We quote from Saenger v. McDermott, 239 Ala. 629, 196 So. 265, 267, cited 30 C. J. S., Equity, sec. 217, p. 672: "It is a familiar rule of pleading that where a right is conferred by statute or acquired by contract in general, followed by words of exclusion excepting particular matters or persons, in action founded on the general grant or covenant, the complaint or bill need not negative the person or right excluded, but

the defendant may plead the particular matter by way of defense.''

Two other points are argued by appellants, but their argument seeks in its support to avail of facts not shown in the bill but which are obtained either from the answer or from the stricken evidence. The rule is without exception that a demurrer is and must be always based on the allegations of fact well pleaded in the bill; and if a demurrer seeks to allege any fact or otherwise to import anything of fact into the question not shown on the face of the bill, it is a speaking demurrer and will be overruled. And this rule is not in the slightest altered by our modern statutes which allow a demurrer and an answer to be filed at the same time; for the statute, Section 1289, Code 1942, expressly provides that ''When a demurrer is filed whether separately, or when embraced in the answer, no part of the answer other than the demurrer shall be considered by the court on the hearing on the demurrer.'' It would be in derogation of the rule which confines the demurrer to the bill, if arguments on the demurrer could resort nevertheless to the answer or some supposed evidence or any evidence whatever. Confusion in argument and unnecessary labor, both in court and counsel, would be avoided if it were kept always in mind, in presenting arguments on demurrers, that the court can and will look only to the bill and the demurrer, and to nothing else. Affirmed.