INZER, Justice:
This is an appeal by George M. Fleming from a decree of the Chancery Court of Coahoma County affirming an order of the County Court which sustained a demurrer to appellant’s bill of complaint seeking an injunction against the appellee City of Clarksdale. We reverse and remand.
The bill of complaint in this cause in essence alleged that appellant consulted the city engineer of the City of Clarksdale relative to the construction of a sewerage line from his home located outside the city and connection of that line with the city sewerage system. The city engineer, acting within the nature and scope of his employment, told complainant that he would be allowed to connect with the sewerage system. Complainant was told that he would have to construct the line at his own expense and that upon completion, the city would own and maintain the line. His only cost would be the cost of construction and the regular monthly rate in that vicinity. Prior to construction of the line, the city engineer actually went with the complainant to the proposed site of construction and prescribed the specifications for the line including the size pipe required by the city in order to connect with the city’s sewerage system. The complainant then contracted with a private company to construct the line in accordance with requirements set out by the city engineer at a cost to him of $583.06. Upon completion of the line, it was then connected to the city’s system.
Subsequently, complainant received a letter from Clarksdale King and Anderson Company, a real estate investment company, informing complainant that under a contract with the city, no one would be allowed to connect to this sewerage line outside the city without the consent of Clarks-dale King and Anderson Company. A connecting fee of $1,200 per lot was required before consent would be given. This was the first notice complainant had that there would be any fee for connecting to said line, and he alleged that if he had known of such fee, he would not have constructed a sewerage line.
After receiving this notice, complainant received notice from the Mayor of the City of Clarksdale that unless he paid the $1,200 lot fee to Clarksdale King and Anderson Company, the sewerage line would be disconnected as of June 9, 1972. Copies of both letters were made exhibits to the bill of complaint.
The bill of complaint also alleged that the plaintiff had no adequate remedy in law and that complainant would suffer irreparable damage unless the city was enjoined from disconnecting the line.
The bill of complaint prayed for a temporary and permanent injunction and for an adjudication that the complainant was not indebted to the city for any connection fee.
A temporary injunction was issued upon the plaintiff making the proper bond.
The city answered the bill of complaint and incorporated in its answer a pleading by demurrer which is as follows:
In this regard, Defendant incorporates herein this his Demurrer to the Bill of Complaint filed herein on grounds that there is no equity on the face of the bill and, in connection therewith, would show unto the Court as follows:
1. There existed as a matter of public record a contract dated March 16, 1970, between Clarksdale King & Anderson Company and the Defendant prohibiting any connections to be made wth the sewerage system in the area of Complainant’s residence without the consent of Clarksdale King and Anderson Company. Said contract is a matter of public *334 record and appears in the Minutes of the Board of Mayor and Commissioners of the City of Clarksdale, Mississippi, in Minute Book 20 at page 143, et seq. A true and correct copy of an excerpt of said Minutes containing said contract is attached hereto as Exhibit “A” and made a part hereof. The consent of Clarks-dale King and Anderson Company to Complainant’s connection was not and has not been granted.
2. The laws and ordinances of the City of Clarksdale, Mississippi, prohibit and make it unlawful for any person to connect any lines to the City sewerage system. Connections or taps to City sewerage systems may only be made by the Defendant. The laws and ordinances of the Defendant further require any person desiring to connect to tap to the City sewerage system to make application with the Sanitary Department of the Defendant and pay to the Defendant, through the City Clerk, designated charges. A certified true and correct copy of Ordinance No. 630, being codified as Section 20-26 of the Code of Ordinances, City of Clarksdale, Mississippi, is attached hereto as Exhibit “B” and made a part hereof as if fully copied herein. Complainant violated said Ordinance in that he did not make application, did not pay the designated charge to the City Clerk, and connected to the Defendant’s sewerage system himself.
3. Section 7106-118 Mississippi Code 1942 Annotated (Supp.1971) requires that prior to the extension of any dispos-sal sewerage system, a construction permit must be granted by the Mississippi Air and Water Pollution Control Commission. Complainant’s construction of said sewerage extension was and remains in violation of that law.
4. The acts of the said Carl G. Clark, if true as alleged in the Bill of Complaint, were ultra vires, and the said Carl G. Clark was without power to suspend the operation of the ordinance, laws and requirements established by public documents, ordinances and statutes. Such acts of the said Carl G. Clark, if true as alleged in the Bill of Complaint, were not within the scope or the nature of his employment and were not within the course of his authorities and powers delegated to him by the Defendant.
5.The sewerage connection made by the Complainant is unlawful and without legal authority, having been made in violation of the laws and statutes of the State of Mississippi, and ordinances and requirements established by public record.
It is apparent that all matters set up in the demurrer except the allegations that there is no equity on the face of the bill are affirmative defenses and thereby make the demurrer a speaking demurrer. The allegations of the bill of complaint are sufficient to withstand the charge that there is no equity on the face of the bill, and the trial court in sustaining the demurrer must have considered the other allegations of the demurrer. In doing so the court was in error. In Reed v. Reed, 197 Miss. 261, 19 So.2d 745 (1944), this Court said:
The rule is without exception that a demurrer is and must be always based on the allegations of fact well pleaded in the bill; and if a demurrer seeks to allege any fact or otherwise to import anything of fact into the question not shown on the face of the bill, it is a speaking demurrer and will be overruled. And this rule is not in the slightest altered by our modern statutes which allow a demurrer and an answer to be filed at the same time; for the statute, Section 1289, Code 1942, expressly provides that, “When a demurrer is filed whether separately or when embraced in the answer, no part of the answer other than the demurrer shall be considered by the court on the hearing on the demurrer.” It would be in derogation of the rule which confines the demurrer to the bill, if arguments on the demurrer could resort *335 posed evidence or any evidence what-nevertheless to the answer or some sup-ever. Confusion in argument and unnecessary labor, both in court and counsel, would be avoided if it were kept always in mind, in presenting arguments on demurrers, that the court can and will look only to the bill and the demurrer and to nothing else.
(197 Miss. at 265, 19 So.2d at 746).
Appellant also urges that the trial court was in error in entertaining the demurrer for the reason that the demurrer was not subscribed by the solicitor imposing it and did not have attached a certificate of the solicitor that he believed that it should be sustained as required by Section 11-5-21, Mississippi Code Annotated (1972). Appellee contends that it is no longer necessary to attach a certificate and subscribe to the demurrer where it is incorporated into the answer. The fact that a demurrer may be incorporated into the answer does not abrogate the requirements of the foregoing statute. When the demurrer is incorporated into the answer, it must be set out separately and should include the certificate of the solicitor that he believes it ought to be sustained. If it has the required certificate and the solicitor signs the answer, such signing will constitute a sufficient subscription as required by the statute. Unless the requirements are met, the trial court should not entertain the demurrer. However, if the court does entertain the demurrer, and it is well taken, the fact that the statute was not complied with probably would not constitute reversible error.
On appeal, appellee virtually concedes that the demurrer should not have been sustained but presents the novel argument that the pleading should now be considered as a plea in bar and the trial court upheld on this basis. It is argued that since the bill of complaint did not waive answer under oath, and the city answered under oath, that the sworn answer in some way not specified constitutes evidence. We find no merit in this contention. In the first place, the trial court considered the pleading a demurrer and an order was entered sustaining the demurrer. Furthermore, the bill of complaint was sworn to by the complainant and the rule requiring two witnesses or one witness and corroborating circumstances to overthrow a sworn answer denying the allegations of the bill has been abolished where there is a sworn bill of complaint. Even were this Court to consider the plea as a plea in bar, we could not uphold the decision of the trial court for the further reason that ap-pellee introduced no evidence to support his plea. Plea matters set up in an answer are never heard separately by the court unless it is set up as a plea either in bar or abatement and a motion is made by one of the parties for the court to preliminarily hear the plea. Otherwise, the plea will only be considered as a part of the answer. In the event that a plea in bar is heard preliminarily, the defendant has the burden both on the law and facts to support his plea. The matter of a plea can never have any aid from the other part of the answer and the defendant must prove the facts necessary to support his plea. Griffith, Mississippi Chancery Practice §§ 340, 341 (2d ed. 1950).
For the reasons stated, the chancery court was in error in affirming the order of the county court. The decree of the chancery court affirming the order of the county court is therefore reversed and judgment entered here overruling the demurrer. This cause is remanded to the county court of Coahoma County for trial on the merits.
Reversed and remanded.
GILLESPIE, C. J., RODGERS, P. J„ and PATTERSON and SUGG, JJ., concur.